Kurath, Administrator, Appellant, vs. Gove Automobile Company, Respondent.

*December 8, 1910—January 10, 1911.*

*Appeal: Undertaking dispensed with: Certifying questions: New trial: Motion for, when to be decided: Waiver: Orders nunc pro tunc: Statutes construed.*

1. Where a certificate of the trial judge under sec. 3052m, Stats. (Laws of 1909, ch. 429), dispenses with the necessity of an undertaking on appeal, the appeal raises only such questions as would be raised by an appeal and undertaking in the usual manner. Said statute does not authorize the judge to certify questions to the supreme court.

2. In view of the power granted by sec. 2424, Stats. (Supp. 1906: Laws of 1905, ch. 6), to adjourn one term of court beyond the beginning of the next for any specific business to be named in the order of adjournment, the provision of sec. 2878, Stats. (Supp. 1906: Laws of 1901, ch. 100), that a motion for a new trial made upon the minutes of the court, if not decided during the same term, shall be taken as overruled, is not unreasonable as denying to the trial judge adequate time to consider and determine the matters involved, but is a valid enactment.

3. The parties may waive the provisions of said sec. 2878, and the judge can then decide the motion at any time; but no waiver can be inferred from the mere fact that no objection is made by either party at the time the motion is taken under advisement.

4. An order cannot be entered after the term, *nunc pro tunc* as of a day of the term at which the motion was made, since to permit that would be to render the statute nugatory.

5. To keep the motion alive under said sec. 2424, the judge must do so by special order at the close of the term; and he must dispose of it within the time fixed for the adjournment of the term, as the statute makes no provision for a second adjournment.

6. The provision of that portion of sec. 2424 relating to the second circuit, which declares that any trial, hearing, argument, or assessment commenced at one term but not concluded "shall be continued and proceeded with at the next term in the manner and with like effect as though it had been commenced at that term," relates to some proceeding in which the parties or their attorneys participate, and not to the mere taking under advisement of the decision of a hearing or argument already concluded by the parties.

Kurath v. Gove Automobile Co. 144 Wis. 480.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

Action for damages for death of a minor son of the plaintiff caused by the alleged negligent speed of an automobile driven by a man claimed to have been the servant of the defendant and acting within the scope of his employment at the time of the injury. The case was tried at the January term of court, and on March 25, 1910, the jury returned a special verdict and assessed plaintiff's damages in the sum of $1,750. Defendant moved upon the minutes of the judge to set aside the verdict and for a new trial, and on April 2d the motion was heard by the court and the decision thereon taken under advisement. The January term ended April 4th and the April term began on that day. May 21st the court rendered a decision setting aside the verdict and granting a new trial, and on the 27th of the same month a formal written order was signed, dated as of April 2, 1910, and filed. Plaintiff appealed, and the trial judge, pursuant to ch. 429, Laws of 1909 (sec. 3052m, Stats.), certified that the undertaking required by sec. 3052, Stats. (1898), need not be given, owing to the inability of plaintiff to furnish the same. He also certified a question to this court for answer.

*Charles E. Hammersley,* for the appellant.

For the respondent there was a brief by *Carroll & Carroll,* and oral argument by *G. E. Carroll.*

VINJE, J. In view of the practice adopted by the trial court in this case in certifying a question to this court for answer, presumably pursuant to ch. 429, Laws of 1909 (sec. 3052m, Stats.), it seems advisable to indicate the purpose of that act. The section provides that:

"The bond required by sec. 3044 of the statutes on the issuance of a writ of error and the undertaking required by sec. 3052 of the statutes on an appeal shall not be required if the judge before whom the action or proceeding was tried

shall certify that the cause or proceeding necessarily involves the decision of some question of law of such doubt and difficulty as to require a decision of the same by the supreme court, or that it necessarily involves the construction or interpretation of some provision of the constitution of the United States or of the constitution of this state, or that the party desiring the writ of error or the taking of an appeal is unable to furnish such bond or undertaking; provided, however, that such certificate shall not be made except upon notice to the parties interested. Such certificate shall be filed with the clerk of the court and be returned with the record in the case to the supreme court with the writ of error or appeal."

It is apparent from a mere reading of the act that it dispenses with the necessity of furnishing the bond required by sec. 3044, Stats. (1898), in case of a writ of error or of the undertaking required by sec. 3052 in case of an appeal, if the trial judge shall certify (1) that the cause or proceeding necessarily involves the decision of some question of law of such doubt and difficulty as to require a decision of the same by the supreme court; or (2) that it necessarily involves the construction or interpretation of some provision of the constitution of the United States, or (3) of the constitution of this state; or (4) that the party desiring the writ of error or the taking of an appeal is unable to furnish such bond or undertaking. In this case the trial judge certified that the appellant was unable to furnish the undertaking, and such certificate dispensed with the necessity of giving an undertaking, and the appeal so taken raised such questions only as would be raised by an appeal and undertaking in the usual manner. The statute referred to does not authorize the trial judge to certify a question to this court, and therefore the question certified cannot be answered.

Plaintiff contends that we cannot consider the appeal upon the merits because the trial court had no jurisdiction to decide the motion for a new trial made upon the minutes of the judge after the expiration of the term at which the cause was tried and the motion made. This contention is based upon

sec. 2878, Stats. (1898), as amended by ch. 100, Laws of 1901, which provides:

"The judge before whom the issue is tried may, in his discretion, entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions or because the verdict is contrary to law or contrary to evidence, or for excessive or inadequate damages; but such motion if heard upon the minutes can only be heard at the same term at which the trial is had. When such motion is heard and decided upon the minutes of the judge and an appeal is taken from the decision, a bill of exceptions must be settled in the usual form, upon which the argument of the appeal must be had. If such motion be made, but not decided during such term, it shall be taken as overruled, and an exception to such constructive denial of the same shall be allowed in the bill of exceptions."

This enactment was evidently intended to prevent unreasonable delay in the decision of such motions and secure to litigants a reasonably speedy determination thereof. *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664. That serious abuses in this respect existed must be assumed, or else the legislature would not have been called upon to act in the matter. Its power to prescribe reasonable rules and regulations for the final disposition of business pending in trial courts cannot be questioned. It might be argued, however, were this the only statute affecting the subject, that a rule requiring a trial judge to decide such a motion during the term, even when it is made during the last hour thereof, as it may be, is not a reasonable rule, in that it may not in such a case give the trial judge adequate time in which to consider and determine the matters involved. But in sec. 2424, Stats. (1898), as amended by ch. 6, Laws of 1905, the legislature has provided an easy and ample remedy for such situations. That section provides: "One term may be adjourned beyond the beginning of the next term in the same county for such specific business as is named in the order of adjournment." This enables a judge who may have business to dispose of that

he cannot finish during the term to adjourn the term to any reasonable time in the future beyond the beginning of the next term by merely making an order to that effect, specifying therein the business so held over for future disposition. In view of this statutory provision it is deemed that sec. 2878 as amended, requiring such motions to be decided during the term or else they shall be taken as overruled, is a valid enactment and does not unreasonably interfere with the disposition of matters in court. It is, moreover, within the power of the parties to waive the provisions of the section, and the judge can then decide the motion at any time. *Hinton v. Coleman,* 76 Wis. 221, 45 N. W. 26; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123, 65 N. W. 852; *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664. But no waiver can be inferred from the mere fact that no protest is made by either party at the time the motion is taken under advisement. Whether it shall be decided at once or taken under advisement is a matter entirely within the discretion of the trial judge. The parties have no voice therein.

The defendant claims that, inasmuch as the order was dated April 2d, it must be considered as made during the term the cause was tried and the motion made, and he argues that sec. 2878 as amended cannot be construed to take away from courts the power to enter *nunc pro tunc* orders. It is not necessary to decide the question as to what restrictions, generally speaking, the legislature may lawfully impose upon courts in the granting of *nunc pro tunc* orders, for it is obvious that if trial courts could lawfully decide such motions as the one in question at any time, then simply enter a *nunc pro tunc* order as of a day of the term at which the motion was made, the statute would be nugatory. The decision of the court upon the motion must, unless waived by the parties, be made during the term the case was tried or else jurisdiction to decide is lost. *Prentiss v. Danaher,* 20 Wis. 311; *Gans v. Harmison,* 44 Wis. 323. It may be said that the

provisions of sec. 2424 as amended (ch. 6, Laws of 1905) enable a judge to prolong the time within which he can lawfully act upon such a motion.  That is true; but at the end of the term, in order to keep the motion alive, the fact that it has not been decided must be called to the attention of the judge and he must keep it alive by a special order, and is therefore more likely to dispose of it within a reasonable time.  · Indeed, he must dispose of it within the time fixed by him for the adjournment of the term, as the statute makes no provision for a second adjournment.

In that portion of sec. 2424, Stats. (1898), relating to the Second circuit, from which this appeal is taken, is found this provision:

"Any trial, hearing, argument or assessment which shall have been commenced during any term, but shall not have been concluded before the commencement of the next term, shall be continued and proceeded with at said next term in the manner and with like effect as though it had been commenced at that term."

It may be claimed that this provision saves the motion and that it does not, pursuant to sec. 2878 as amended (ch. 100, Laws of 1901), stand overruled at the expiration of the term. · But we are of the opinion that this provision relates to a proceeding in which the parties or their attorneys participate, and not to the mere taking under advisement by the judge of the decision of a hearing or argument already concluded by the parties.

It follows that the trial court, having allowed the term·to lapse without a continuance, had no jurisdiction to decide the motion on May 21st, when, the record shows, the decision was made, and that it must, by force of sec. 2878 as amended, be deemed to have been overruled.  This result precludes a consideration of the case upon the merits.  ·

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.