COLLIER, Appellant, vs. TOWN OF SALEM, Respondent.

*March 17—April 5, 1911.*

*Highways: Injury from defect: Automobiles: Contributory negligence: Question for jury: Changing answer in special verdict: Appeal: Review: Judgment: Direction of new trial.*

1. While plaintiff was attempting to pass a horse and buggy which he had met at night upon the highway, his automobile ran down an embankment and was overturned. Upon evidence tending to show, among other things, that the lamps on the machine were burning and plaintiff had slowed down; that the driver of the horse had stopped, apparently to allow plaintiff to pass, and gave him no warning that he could not safely do so; that the roadway at that point was elevated and too narrow for vehicles to pass, but that there was a growth of weeds and grass at the side, upon which dust had settled, giving it the appearance of being a part of the traveled track, it is *held* that the question whether plaintiff was negligent in not stopping and examining the roadway before attempting to pass the horse and buggy was one for the jury, and that its finding thereon should not have been changed by the trial court.

2. Where the question is whether the evidence supported a finding in the special verdict which was changed by the trial court, this court will, where there is a conflict, take that evidence to be true which is most in accord with the jury's finding.

3. Where the trial court changed a finding in plaintiff's favor in a special verdict and rendered judgment for defendant, and for that reason did not pass upon defendant's motion for a new trial, so that such motion was constructively denied under sec. 2878, Stats. (Supp. 1906: Laws of 1901, ch. 100), this court, upon reversing the judgment for error in so changing the verdict, remands the cause for a new trial instead of for judgment on the verdict.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

The plaintiff, while driving an automobile over a public highway in the nighttime in the defendant town, was injured as a result of the machine dropping off an embankment and overturning, and this action is brought to recover damages therefor. The complaint alleges that at the point of the accident there was a turnpike in the road about one hundred to two hundred feet in length, three and one-half feet high, and nine and one-half feet wide, the sides of which were very steep; that there was an accumulation of vegetation and weeds along the side of the road and about level therewith which was covered with dust and which deceived the plaintiff as to the width of the road; that at this point plaintiff met a horse and buggy, and, while attempting to pass, the automobile dropped off the side and down the embankment. The answer generally denied the allegations of the complaint and charged the plaintiff with contributory negligence. The case was submitted to the jury on a special verdict, which is as follows:

"(1) Was the highway at the time and place in question in a reasonably safe condition for public travel? *A.* No.

"(2) If you answer the first question 'No,' then was such unsafe condition of the highway the proximate cause of plaintiff's injuries? *A.* Yes.

"(3) Did any want of ordinary care on the part of the plaintiff proximately contribute to produce the injury? *A.* No.

"(4) At what sum do you assess plaintiff's damages? *A.* $1,500."

The court changed the answer to the third question from "No" to "Yes," and rendered judgment on the amended verdict in favor of the defendant, from which judgment plaintiff appeals.

*Calvin Stewart,* attorney, and *Wallace Ingalls,* of counsel, for the appellant.

*Robert Verne Baker,* for the respondent.

BARNES, J.   The jury acquitted the plaintiff of contributory negligence and determined all other controverted issues of fact in his favor.   The court held that the plaintiff was guilty of contributory negligence as a matter of law, and amended the verdict to conform to its views in this regard and entered judgment dismissing the complaint.   The sole question before this court is: Does the evidence offered support the finding of the jury?   In answering this question we must, where there is a conflict, take that evidence to be true which is most favorable to the plaintiff.   Such evidence tended to show that at the time of the accident the automobile was equipped with two headlights and two sidelights, all of which were burning, and which gave an average light that would enable the driver to plainly see objects two hundred feet in front of him and from five to seven feet on either side of the traveled track; that the plaintiff was an expert chauffeur; that the highway was a main traveled road; that the driver of the horse and buggy had stopped on the west side of the road, apparently to allow the plaintiff to pass, and had done nothing to warn the plaintiff that he could not safely do so; that the plaintiff had slowed his machine down so that it was simply crawling as he attempted to pass the horse and buggy; that a thick matting of grass and weeds had grown up on the side of the highway, which had been cut during the preceding June; that the main traveled highway was dusty and the dust had settled upon the grass and weeds on the side of

the road so as to give it the appearance of being in fact a part
of the traveled highway, and that the east side of the high-
way looked to the plaintiff to be on a level with the traveled
track and to be a part of it; that the first knowledge plaintiff
had that he was not on a part of the main traveled road was
when the right front wheel of his machine suddenly dropped
into the ditch and the machine turned over, and that the road
was in fact so narrow at the meeting point that two vehicles.
could not pass without one or the other going into a ditch.

The plaintiff testified that he started to turn out for the
horse and buggy when he was fifteen or twenty feet from
them and that at that distance "you can tell that weeds cov-
ered with dust are not part of the traveled track." The cru-
cial point under the testimony is, Should it be said as a mat-
ter of law that the plaintiff was negligent in not stopping his
machine and making an examination of the highway before
attempting to pass the horse and buggy? Is it clear that an
ordinarily careful and prudent man, situated as the plaintiff
was, would do so? Is there any reason to doubt that he
would do so? Could reasonable minds reach a different con-
clusion upon the question? If so, the question of contribu-
tory negligence was properly submitted to the jury and its
finding is conclusive.

It does not seem to us that it is at all clear that ordinarily
prudent men would not usually and customarily do as the
plaintiff did, under like circumstances, and act upon appear-
ances instead of stopping and examining the highway. The
jury could well have found that the ditch could not otherwise
have been discovered owing to the weeds and grass, and we
think the trial court erred in setting aside the finding of the
jury on contributory negligence. It follows that the judg-
ment must be reversed.

The defendant made a motion for a new trial on various
grounds. The trial court did not find it necessary to pass

upon this motion because it granted the defendant's motion to change the verdict and for judgment on the verdict as modified.

Ch. 100, Laws of 1901, provides that, if a motion for a new trial made under sec. 2878, Stats. (1898), is not decided at the term at which the trial is had, "it shall be taken as overruled, and an exception to such constructive denial of the same shall be allowed in the bill of exceptions." This statute has recently been construed in *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619. It may well be considered doubtful whether under the statute this court has the right to remand the cause with directions to the trial court to enter judgment on the verdict as returned or grant a new trial in the exercise of its discretion. It is quite apparent that the trial court was dissatisfied with the verdict, and that in the exercise of its discretion under sec. 2878, Stats. (1898), it would have set it aside and granted a new trial had it not modified the verdict and awarded judgment to the defendant. The court evidently was of the opinion that the evidence was insufficient to support the third finding of the jury, else it would not have been set aside. We therefore conclude that under the power vested in the court by sec. 3071, Stats. (1898), the judgment should be reversed and the cause remanded for a new trial instead of for judgment on the verdict.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.