STATE EX REL. KURATH, Administrator, vs. LUDWIG, Circuit Judge.

*May 2—June 1, 1911.*

*New trial: Granting after term: Waiver of statute: Appeal: Correction of record after reversal: Power of circuit court: Mandamus to enforce decree of supreme court.*

1. Where it duly appears as a fact that the provisions of sec. 2878, Stats. (1898), were waived by the parties, an order of the court granting a new trial, made after the term, is valid.

2. But where upon appeal from such an order counsel for respondent is advised of the claim that there was no waiver and makes no attempt to have the bill of exceptions amended so as to show such waiver, and the supreme court reverses the order upon the ground that the circuit court had no power to make it after the term, the circuit court has no power, after return of the record, to correct its minutes and the record so as to show a waiver of said sec. 2878, and thereby supersede the judgment of the supreme court.

3. The fact that upon reversal the cause was remanded "for further proceedings according to law," did not give the trial court any such power of correction with respect to a subject so finally disposed of by the judgment of the supreme court.

4. Where the trial court, after its decision has been reversed on appeal and the record returned to that court, attempts to correct its record in such manner as to supersede the decision of the supreme court, *mandamus* is the proper remedy to compel it to cancel its action in that behalf and to enter judgment in accordance with the decree of the supreme court.

MANDAMUS to J. C. LUDWIG, Judge of the Circuit Court for Milwaukee county. *Peremptory writ issued.*

*Chas. E. Hammersley,* for the relator.

For the defendant there was a brief by *Carroll & Carroll,* and oral argument by *G. J. Carroll.*

VINJE, J. This is an action of *mandamus* commenced in this court to compel the Honorable J. C. LUDWIG, as judge of Branch No. 4 of the circuit court for Milwaukee county, to reverse an order granting a new trial in the case of *Kurath*

*v. Gove Automobile Co.,* reported in 144 Wis. 480, 129 N. W. 619; to enter judgment in favor of plaintiff upon the special verdict; to expunge from the records of the circuit court the entry of March 4, 1910, which reads as follows: "The motion for a new trial was continued, to be taken under advisement by the court, and that the order be entered thereon as of April 2, 1910;" to strike out and vacate that part of the decision of the court made and entered in its records and minute books which reads as follows: "The clerk omitted to add the words: 'Counsel consenting in open court that the decision of the court on said motion should be entered and filed as of this date,' to show the facts as they occurred in open court on that day before the papers in the case were delivered to the court;" and to vacate and strike from the minutes of the clerk of the court its order denying plaintiff's motion for judgment on the verdict with ten dollars costs of motion.

The case of *Kurath v. Gove Automobile Co.* was decided by this court January 10, 1911. It was held, among other things, that the motion for a new trial, not having been continued under sec. 2424, Stats. (1898), as amended (Supp. 1906: Laws of 1905, ch. 6), and not having been decided by the court during the term, and the provisions of sec. 2878 not having been waived by the parties, was overruled by operation of law, and the order of the circuit court granting a new trial, made after the term, was reversed. As the case then stood, after the reversal of such order, with a special verdict in favor of plaintiff, it was evident that further proceedings must be had in the trial court, and so the case was remanded for further proceedings according to law. Upon a return of the record to the trial court, application was made by the defendant and leave granted to correct the court's minutes by inserting the portions hereinabove quoted. On the 21st day of April, 1911, the defendant herein made due return to the effect that the entries made to correct the court's minutes set out above were in accordance with the facts and that the fur-

ther proceedings were had in good faith and were in no wise intended to contravene any mandate of this court.

Though there is a sharp conflict in the proof as to whether or not the corrections of the minutes are in accordance with the facts, we can assume, for the purposes of this case, that they are. Neither counsel for plaintiff nor this court for a moment doubts the good faith of defendant in doing the acts complained of; and his long and useful services as a trial judge sufficiently refute the idea that he would knowingly or intentionally violate any mandate of this court. The question presented is simply one of power. Can a trial judge, after an appeal to and a decision by this court in a case tried before him, so change his minutes and record, granting it is in accordance with the facts, as to supersede the judgment of this court? It is evident that if it appeared as a fact that the provisions of sec. 2878, Stats. (1898), were waived by the parties, then the order of the court granting a new trial, made after the term, would be valid. *Hinton v. Coleman,* 76 Wis. 221, 45 N. W. 26; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123, 65 N. W. 852; *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *Kurath v. Gove Automobile Co.* 144 Wis. 480, 129 N. W. 619. The materiality of such a fact was apparent to any attorney called upon to investigate the law of this state relative thereto. The case and briefs in the *Kurath Case* are made a part of this record. On page 31 of plaintiff's brief is found the following statement:

"In the case of *Second Nat. Bank v. Smith,* 118 Wis. page 18, at page 25, the court discusses the effect of this amendment to section 2878, which is chapter 100 of the Laws of 1901, saying:

" 'Its object, evidently, is to protect the parties to the action, not the public; to expedite business and to insure the appellant against difficulty or embarrassment, likely to result from inaction or neglect by the trial court.'

"The court held in this case that the provision was waived by the parties. There is no such waiver in this case, nor can any be implied."

So it will be observed that counsel for defendant was advised of the claim that there was no waiver in the case, and the bill of exceptions showed there was none. It was his duty, then, if he thought the bill of exceptions of the trial court's record was not in accordance with the facts, to move for leave to amend. The importance of the omitted fact was expressly called to his attention in the quoted portion, as well as in the subsequent parts, of plaintiff's brief. He was then apparently satisfied with the bill of exceptions and willing to test the appeal upon the facts therein stated. Such bill is a record importing absolute verity. *Dufresne v. Weise,* 46 Wis. 290, 1 N. W. 59. Having advisedly chosen to rest upon it, defendant cannot, after an adverse decision on appeal and a *remittitur* of the case to the trial court, invoke its power to change the facts therein stated so as to render of no effect the decision of this court based upon such bill of exceptions, nor does the trial court have any right to so change it. To recognize such rights in a trial court would be to recognize its power to set at naught the judgments of this court. As was said in *Stevens v. Clark Co.* 43 Wis. 36: "It is better that parties should sometimes suffer undue results of their litigation, than that courts should assume arbitrary discretion to relieve them, by doing violence to the law."

But it is urged by defendant's counsel that, since the case was remanded for further proceedings according to law, it was within the power of the trial court to take such steps as it might deem proper and according to law, and he cites *Finney v. Guy,* 111 Wis. 296, 299, 87 N. W. 255, to support the proposition. It is there said:

"In this case, upon the overruling of the demurrer, the cause was remanded 'for further proceedings according to law.' This placed it again in the control of the trial court to ascertain and decide what the law might be in any future attitude the case might take, guided and controlled, of course, so far as this court had spoken, by the law laid down in its opinion. After the remission of the case, it was possible for

State ex rel. Kurath v. Ludwig, 146 Wis. 385.

the circuit court to decide either rightly or wrongly as to the law, and therefore as to the steps that should be taken or decisions that might be rendered. Its decisions were not those of this court, but its own, and subject to review upon appeal as in other cases."

It will be noted that what is there said relates wholly to any *future* attitude the case might take. In the *Kurath Case* the question of a new trial was a closed chapter when the *remittitur* reached the trial court. Upon that subject there could be no *future* attitude of the case. That subject had been litigated as far as it could be, and the judgment of this court disposed of it finally. But after judgment for plaintiff should be entered by the trial court the case would then stand subject to any right the defendant might have by appeal or otherwise, and hence the mandate was for further proceedings according to law. There was no judgment to affirm or reverse, and a mandate directing the trial court to enter judgment for plaintiff might be construed as an adjudication by this court that such judgment should be considered absolute and final.

It is also urged that *mandamus* is not the proper remedy. But it can hardly be seriously contended that this court cannot enforce or protect its own decrees by *mandamus* in view of the decisions in *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081, and *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104.

*By the Court.*—Judgment is ordered that a peremptory writ of *mandamus* issue directing the defendant to do the acts prayed to be done in the petition, but without costs.