STATE EX REL. POTRYKUS, Plaintiff, vs. SCHINZ, Circuit
Judge, Defendant.

*March 14—April 11, 1922.*

*New trial: Motion not decided within sixty days: Oral continu-
ance of hearing by court: Request of party: Cases where
special verdict is rendered: New trial on newly-discovered
evidence.*

1. A demurrer to the return to an alternative writ of *mandamus*
   makes the allegations therein contained verities.
2. Under sec. 2878, Stats., requiring a motion for a new trial on
   the minutes of the court to be made and heard within sixty
   days unless the court extends the time, where within the time
   limit the court adjourned the hearing of the motion to a date
   beyond, the court had jurisdiction to act on the motion at the
   latter date, especially where the party attacking the grant-
   ing of the motion was the one who obtained the adjournment.
3. Said sec. 2878 applies to a case in which a special verdict is
   rendered.
4. An oral order actually made, adjourning the hearing on a mo-
   tion for a new trial, became the order of the court as effec-
   tively as though entered in writing.
5. Where the argument and discussion on a motion for a new trial
   was wholly on the ground of newly-discovered evidence, and
   it was because thereof that the court granted a new trial in
   its discretion, the trial court had jurisdiction, under sec. 2879,
   Stats., to grant the motion at any time within one year.

MANDAMUS.    An alternative writ of *mandamus* was
issued out of this court directing the Hon. WALTER SCHINZ,
judge of the Second judicial circuit, to vacate his order
granting a new trial in the case of *Potrykus v. Davis,* in
which a special verdict favorable to the plaintiff had been
rendered on the ground that more than sixty days from the
rendition of the verdict had elapsed, and therefore by force
of sec. 2878, Stats., the motion for the new trial would be
constructively overruled, or to show cause to the contrary.
The judge made a return to the writ, to which the plaintiff
demurred.

For the plaintiff there was a brief by *Cannon, Bancroft*

*& Waldron* of Milwaukee, and oral argument by *L. H. Bancroft.*

*H. J. Killilea* of Milwaukee, for the defendant.

VINJE, C. J.   The demurrer to the return made the allegations therein contained verities.   Such being the case, the plaintiff is met with this situation: If the motion be deemed to have been made under sec. 2878, Stats. 1921, then the return shows that on the 16th day of January, 1922, which was within sixty days of the rendition of the verdict, and when the court was ready to announce its decision, "a representative of plaintiff's attorneys informed the court that Judge BANCROFT, who had charge of the motion on behalf of the plaintiff and who participated in the trial as one of plaintiff's attorneys, because of an engagement elsewhere in court could not be present, and asked that the matter be further adjourned; that in pursuance to such request of plaintiff's attorney the matter was adjourned to January 18, 1922."   At the latter date the decision of the court granting a new trial was made.   From this return it clearly appears that the court had jurisdiction to act on the 18th of January because of the adjournment at plaintiff's request.   The statute specifically provides for adjournment or extension of time within which to act.   It has also been held that the parties can waive the provisions of the statute and so confer jurisdiction upon the court to act after the sixty days have expired.   *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619; *State ex rel. Kurath v. Ludwig,* 146 Wis. 385, 132 N. W. 130.   Likewise this court has held that a party at whose request an adjournment is taken cannot be heard to question the regularity of such adjournment. *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *Bailey v. McCormick,* 132 Wis. 498, 112 N. W. 457.

If it be contended that no valid extension or adjournment was made because no written order was entered upon

the minutes of the court, the answer is that the return shows the court ordered an adjournment and such oral order actually made became the order of the court as effectively as though entered in writing. *Wallis v. First Nat. Bank,* 155 Wis. 533, 145 N. W. 195; *Wehr v. Gimbel Bros.* 161 Wis. 485, 154 N. W. 972; *Will of Burghardt,* 165 Wis. 312, 162 N. W. 317.

A question is raised as to whether sec. 2878 is applicable to cases in which a special verdict is rendered. It was held to be applicable to such a case in *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619, and in *Notbohm v. Pallange,* 168 Wis. 225, 169 N. W. 557. We see no reason for disturbing such rulings. The purpose of the amendment to sec. 2878 requiring a decision within sixty days of the rendition of the judgment is discussed in *Kurath v. Gove A. Co.* 144 Wis. 480, 483, 129 N. W. 619; and it applies as well to cases where a special verdict is rendered as to those in which a general verdict is taken. The law does not favor unreasonable delays in either case.

But it is quite evident from the affidavits upon which the motion was made that it was a motion for a new trial based upon newly-discovered evidence under sec. 2879, which motion could be made at any time within a year. Were there any uncertainty arising from the contents of the affidavits, such uncertainty is effectively set at rest by the return, which states "that the argument and discussion of the motion for a new trial was wholly on the ground of newly-discovered evidence, and it was because of the newly-discovered evidence, as indicated by all of the affidavits filed on said motion, that led this court, in the exercise of its discretion, to believe that a new trial should be granted." This is conclusive of the whole matter and establishes the trial court's jurisdiction to act under sec. 2879 in granting a new trial on the ground of newly-discovered evidence.

*By the Court.*—Writ quashed.