STATE EX REL. GILREATH ET AL., RELATORS v. DISTRICT COURT OF FIRST JUDICIAL DIST., LEWIS AND CLARK COUNTY, ET AL, RESPONDENTS.

No. 9342.

Submitted October 10, 1953. Decided January 2, 1954.
Rehearing Denied February 4, 1954.
265 Pac. (2d) 651.

Mr. Chief Justice Adair and the Honorable W. W. Lessley, District Judge sitting in place of Mr. Justice Anderson, dissented.

Skedd and Harris, Multz and Hanley, Lloyd J. Skedd, Helena, for relators.

Floyd O. Small, Clayton R. Herron, Helena for respondents.

Mr. Skedd and Mr. Small argued orally.

MR. JUSTICE FREEBOURN:

Application for a writ of prohibition. Relators secured a verdict, at the hands of a jury, upon trial of an action for damages in the district court. The trial judge being disqualified, Judge R. M. Hattersley was called in upon motion for a new trial and granted such motion. It is relators' contention that the action of Judge Hattersley in granting such new trial came too late.

On July 29, 1953, Judge Hattersley, after arguments made by counsel upon the motion for a new trial, made in part the following oral order, as appears on the records of the district court: "* * * Thereupon all parties having rested said matter was submitted to the court. Whereupon court decided matter not considered submitted until all briefs are in, said defendants (Phillips Dairies et al.) allowed 20 days to submit brief and plaintiff (E. R. Kraut) to submit reply to brief 10 days thereafter."

It is admitted in the answer and return of plaintiff (Kraut) that the last brief to be filed under the court's order of July 29, 1953, was, after service thereof on opposing counsel, filed with the clerk of the district court on August 25, 1953.

Intending to get quick action from a trial court in passing upon motions for a new trial, our legislature enacted R. C. M. 1947, sec. 93-5606, which in part provides: "* * * the court shall decide the motion within fifteen days after the same is submitted. If the court shall fail to decide the motion within said time, the motion shall, at the expiration of said period, be deemed denied. * * *"

Under the issues raised in this proceeding, the question to be answered is: Was the motion for a new trial submitted when the last brief was filed on August 25, 1953, or was it submitted upon the last day allowed for the filing of such brief, August 29, 1953?

When plaintiff Kraut filed his brief on August 25, 1953, the court had before it all the briefs contemplated by the order of July 29, 1953, which briefs constituted everything necessary to deciding the motion for a new trial. Since the court had everything necessary to a decision on the motion for a new trial on August 25, 1953, it could have decided such motion the next day, if it so desired, or any day thereafter within the time allowed by statute.

The 30 days allowed for briefs were for the benefit of the parties. It did not set the time when the motion for a new trial was deemed submitted, except and only if the briefs or some of them were not filed within such time. In such event the court could, after the lapse of such thirty days, pass upon the motion. That the court, in making its order of July 29, 1953, contemplated the matter would be considered when the briefs were in, and not at the end of the 30 day period given for their filing, seems clear, in view of the words of the order, "* * * matter not considered submitted until all briefs are in * * *."

In McCarthy v. Employers' Fire Ins. Co., 97 Mont. 540, 37 Pac. (2d) 579, 582, 97 A. L. R. 292, we said: "* * * a case is

not 'submitted' to the court sitting without a jury, until all that is necessary to a decision is before the court * * *."

In Crane v. Leclere, 204 Iowa 1037, 216 N. W. 622, 624, the court said: "It is manifest that there was something yet to be done before the submission was complete, and that was the filing of the respective briefs by the contending parties, within the time allowed by the court; and the case could not be considered as finally submitted until the briefs had been filed or the time for the filing of the same had expired. * * * The effect of granting time to file briefs was that the case was not finally submitted for determination by the court until the court could have the briefs for the consideration of the matters before him, or until the expiration of the time granted for the filing of same. * * *" To the same effect is Plattsmouth Loan & Bldg, Ass'n v. Sedlak, 128 Neb. 509, 259 N. W. 367.

We conclude, with reason, that when the briefs of counsel were all filed and the court had before it everything necessary to decide the motion for a new trial, then and at that time, August 25, 1953, the law considered the said motion as having been submitted. Since the court did not decide such motion for a new trial "within fifteen days after" such submission, the motion at the expiration of said period was "deemed denied" and the court's ruling made on September 11, 1953, granting a new trial was null, void and of no effect. See State ex rel. King v. District Court, 107 Mont. 476, 86 Pac. (2d) 755.

For the reasons stated a peremptory writ will issue restraining the Honorable R. M. Hattersley, district judge presiding, from taking any further action on the motion for a new trial in cause No. 22641, in the records and files of the district court of the first judicial district of the State of Montana, in and for the County of Lewis and Clark.

MR. JUSTICE BOTTOMLY, concurs.

MR. CHIEF JUSTICE ADAIR:

We dissent.

Here, following a lengthy hard fought jury trial and the entry

of a judgment on the verdict, four separate district court judges were either disqualified, deemed themselves disqualified, declined to assume jurisdiction, or voluntarily withdrew from the case while plaintiff's timely notice of intention to move for a new trial was pending.

At long last Judge R. M. Hattersley was prevailed upon to come from his own district and to assume jurisdiction, hear and decide plaintiff's motion for a new trial.

It required close application for this fifth judge to familiarize himself with what had gone on before, including the facts and points of law involved in a trial at which he was not privileged to be present. Nevertheless he entered upon the task at hand with dispatch and, in our opinion, in all things, he acted within the time, jurisdiction and limits provided by the governing statute, R. C. M. 1947, sec. 93-5606.

The essential facts are as follows:

E. R. Kraut, as plaintiff, brought suit No. 22641 in the district court of Lewis and Clark County, to recover from the defendants, John Gilreath and Phillips Dairies, Inc., the sum of $761.25 for damages to plaintiff's milk truck resulting from a collision in said county between such truck and a motor vehicle driven by Gilreath and owned by Phillips Dairies, Inc.

The defendant Gilreath filed an answer and cross-complaint seeking judgment against the plaintiff Kraut in the sum of $100,830 for personal injuries claimed to have been suffered by Gilreath.

The defendant Phillips Dairies, Inc., filed an answer and cross-complaint seeking judgment against the plaintiff Kraut for $2,183.54 damages.

The action was tried in the district court of the first judicial district in and for the County of Lewis and Clark before District Judge George W. Padbury, Jr., and a jury. The trial commenced on June 2, 1953, and was continued from day to day, lasting for nine days.

On June 11, 1953, the jury returned its verdict for the defendant John Gilreath in the sum of $14.735 and for the de-

fendant Phillips Dairies, Inc., for $1,350 and judgment was entered in accordance therewith.

*Notice of Intention to Move for New Trial Given.* The statute provides that the party desiring a new trial must, within ten days after the return of the verdict, serve and file notice of his intention to move for a new trial. R. C. M. 1947, sec. 93-5605.

On June 13, 1953, the plaintiff Kraut filed with the clerk of the respondent district court and, on June 18, 1953, he served upon defendants' counsel, written notice of his intention to move for a new trial designating therein the grounds thereof and stating that such intended motion would be based upon the minutes of the court, upon the record made at the trial and upon affidavits to be filed. Thereby plaintiff made timely and proper compliance with all the requirements of the statute, R. C. M. 1947, sec. 93-5605.

On June 19, 1953, an affidavit was filed with the clerk of the respondent court disqualifying Judge George W. Padbury, Jr., for imputed bias and prejudice whereupon and on the same date, June 19th, Judge Padbury of Department No. 1, called in Judge Victor H. Fall, judge presiding in Department No. 2 of said respondent court and residing in the said judicial district, to preside in the action and proceeding as is provided for in R. C. M. 1947, sec. 93-901, subd. 4.

*Judge Flachsenhar Assumes Jurisdiction.* On June 25, 1953, a minute entry order was made reciting: That owing to illness and absence from the state Judge Fall declines to assume jurisdiction; that the respondent court ordered that Judge Walter R. Flachsenhar, one of the judges of the sixteenth judicial district, be and he is called in and requested to assume jurisdiction and preside in all further proceedings in the cause and that Judge Flachsenhar, then being personally present in the respondent court, announced that he accepted and assumed jurisdiction.

The foregoing orders were made pursuant to the provisions of R. C. M. 1947, sec. 93-901, subd. 4, which, in part, provide: "* * * If there be more than one judge in any judicial district

in which said affidavit is made and filed, upon the first disqualification of a judge in the cause, another judge, residing in the judicial district wherein the affidavit is made and filed, must be called in to preside in such action, motion, or proceeding; and upon the second or any subsequent disqualification of a judge in the cause, a district judge of another judicial district of the state must be called in to preside in such action, motion, or proceeding, or the action, motion, or proceeding transferred to a district judge of another judicial district of the state; when another judge has assumed jurisdiction of an action, motion, or proceeding, the clerk of the district court in which the same was pending, shall at once notify the parties or their attorneys of record in the same, either personally or by registered mail, of the name of the judge called in, or to whom such action, motion, or proceeding was transferred. * * *''

After accepting and assuming jurisdiction in cause No. 22641 on June 25th, Judge Flachsenhar returned to the sixteenth judicial district wherein he resides without setting a time for hearing plaintiff's duly noticed intended motion and without affording plaintiff the opportunity to make his intended motion *viva voce* in open court or the adverse parties the opportunity to oppose the granting of plaintiff's intended motion for a new trial.

Judge Flachsenhar retained jurisdiction until July 1, 1953, on which date he voluntarily withdrew and relinquished jurisdiction in the cause and, on July 3, 1953, such withdrawal was duly entered in the records of the respondent court.

Thereafter Judge Timothy E. Downey, one of the judges of the district court of Silver Bow County, was called to preside in the cause but on July 14, 1953, Judge Downey declined to assume jurisdiction in the action.

On July 21, 1953, Judges Padbury and Fall, the two duly elected judges of the first judicial district, signed and filed in the respondent court a joint order reciting that they had been disqualified or that they deemed themselves disqualified and that Judge R. M. Hattersley, the judge of the ninth judicial

district in and for the counties of Glacier, Pondera, Teton and Toole, be called in to preside in the cause.

On July 23, 1953, Judge Hattersley, at Conrad, Montana, in his own district, assumed jurisdiction in the cause and immediately made a written order at Conrad which he mailed to the clerk of the respondent court at Helena for filing wherein he set July 29, 1953, at and in the respondent court at Helena as the time and place for the making and hearing of plaintiff's motion for a new trial in the cause.

*Motion for New Trial Made and Argued.* On July 29, 1953, at the time theretofore ordered, the plaintiff made *viva voce* in open court before Judge Hattersley sitting at Helena, plaintiff's motion for a new trial.

The above procedure was in compliance with the statutory requirements, R. C. M. 1947, secs. 93-8401, 93-8402 and 93-8403, as well as with the long established practice in this jurisdiction. See Wallace v. Lewis, 9 Mont. 399, 403, 404, 24 Pac. 22, 23; Peters v. Vawter, 10 Mont. 201, 208, 25 Pac. 438; State ex rel. Davis v. District Court, 72 Mont. 56, 60, 231 Pac. 395; O'Hanion v. Great Northern Ry., 76 Mont. 128, 135, 136, 245 Pac. 518; Great Northern Ry. v. Hatch, 98 Mont. 269, 275, 276, 38 Pac. (2d) 976; State ex rel. McVay v. District Court, 126 Mont., 382, 251 Pac. (2d) 840, 846.

R. C. M. 1947, sec. 93-8401, provides: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion."

In the early case of Wallace v. Lewis, supra, decided in 1890 this court, in construing the above statute (then sec. 482, Comp. Stat. 1887), quoted with approval from People v. Ah Sam, 41 Cal. 645, 650, wherein the supreme court of California said: "In practice, the form of the application itself is often reduced to writing, and filed, But making out and filing the application itself is not to make the motion. If nothing more were done, it would not be error in the court to entirely ignore the proceeding.

The attention of the court must be called to it. The court must be moved to grant the order.'' [9 Mont. 399, 24 Pac. 23.]

R. C. M. 1947, sec. 93-8402, provides, in part: "Motions must be made in the county in which the action is brought, or in any adjoining county in the same district. In case of the absence of the judge of the district from his district, or in an action pending in which such judge is disqualified to act, such motion may be made before the judge of any adjoining district; * * *.''

It is clear from a reading of the above statute that the intended motion of which plaintiff had given notice of his intention to make must be made in Lewis and Clark County wherein the action was brought or in Broadwater County being the only "adjoining county in the same distict" and that such intended motion could not lawfully be made in any of the seven counties comprising the sixteenth judicial district wherein Judge Flachsenhar resides and holds office nor could it lawfully be made in any of the four counties comprising the ninth judicial district wherein Judge Hattersley resides and holds office.

R. C. M. 1947, sec. 93-8403, in part, provides: "When a written notice of a motion is necessary, it must be given five days before the appointed time for the hearing, if both parties reside in the county where the court is held; otherwise, ten days. * * *''

From the foregoing it is clear that it was not until July 29, 1953, that plaintiff was afforded the opportunity to present *viva voce* in open court and in the presence of the adverse parties his motion for a new trial on which date the motion was orally argued by counsel for the respective parties at which time plaintiff's brief in support of his motion was duly served upon counsel for the adverse parties and the original of such brief delivered to Judge Hattersly for his consideration. This done plaintiff had performed all that was then required of him in making and submitting his motion for a new trial. He needed no more time to do anything unless and until the court should make some further order continuing the hearing or granting defendants additional time for answering plaintiff's brief.

However at such stage of the hearing the defendants still had work ahead of them for they required, requested and received additional time within which to prepare, serve and file an answer brief, the judge announcing in open court that the motion for new trial would not be considered submitted until briefs were in and that defendants were allowed 20 days to submit their answer brief and plaintiff was allowed 10 days thereafter to submit his reply brief.

Thus were defendants granted *twenty* days to submit their answer brief and plaintiff granted *ten* days thereafter to submit a reply brief, making a total of *thirty* days from and after July 29, 1953, on which future date the motion for a new trial would be deemed to be finally submitted to the court for decision.

The statutory authority for continuing the hearing and deferring for thirty days the final submission of the motion appears in R. C. M. 1947, sec. 93-5606, entitled *"Hearing of motion—continuance—papers used"* which provides: "* * * The court may continue the hearing for not to exceed thirty days when engaged in the trial of cases at the time set for said hearing, or when for any other cause the court is unable, without serious inconvenience, to hear the matter upon the date fixed."

R. C. M. 1947, sec. 93-5606, referring to a motion for new trial, further provides: "In case the hearing is continued by the court, it shall be the duty of the court to hear the same at the earliest practicable date thereafter, and the court shall decide the motion within fifteen days after the same is submitted. If the court shall fail to decide the motion within said time, the motion shall, at the expiration of said period, be deemed denied."

By his order made at the hearing on July 29, 1953, Judge Hattersley extended for thirty days (being the maximum period provided by sec. 93-5606, supra) the time for the final submission of plaintiff's motion and the judge then had fifteen days from and after such final submission of the motion within which to decide it. R. C. M. 1947, sec. 93-5606.

On August 15, 1953, defendants' counsel served their answer brief on plaintiff's attorney but neither the original nor any

copy of such answer brief was ever filed in the office of the clerk of the respondent court.

On August 24, 1953, plaintiff's attorney served his reply brief upon defendants' counsel.

On August 25, 1953, a copy of plaintiff's reply brief was filed in the office of the clerk of the respondent district court at Helena.

On September 11, 1953, Judge Hattersley, at Conrad, Montana, made and signed an order granting a new trial, which order was filed in the office of the clerk of the respondent court at Helena on the following day, to-wit, on September 12, 1953.

The express statutory authority for making and signing the above order of September 11, 1953, at Conrad, in Pondera County, Montana, appears in R. C. M. 1947, sec. 93-5606, which in part provides: "* * * The decision on motion for a new trial may be entered in the minutes of the court, or may be made in writing in chambers or in any county in the state where the judge may be, and be filed with the clerk of court in the county where the action is pending."

On September 15, 1953, on the *ex parte* application of defendants' counsel, Judge Hattersley at Conrad, Montana, in his own district, made and signed an order setting aside his previous order of September 11, 1953, granting a new trial.

On September 18, 1953, on the *ex parte* application of plaintiff's attorney, Judge Hattersley again at Conrad and in his own district made and signed an order setting aside the above order of September 15, 1953.

By his order of September 18, 1953, Judge Hattersley, in effect, reinstated his order of September 11, 1953, which granted plaintiff a new trial.

On September 21, 1953, the defendants, as relators, commenced this original proceeding in the supreme court by filing a written application for a writ of prohibition against the respondents, the district court of Lewis and Clark County, Montana, and the Honorable R. M. Hattersley, as the invited judge presiding therein, prohibiting respondents from taking or enter-

taining any further proceedings looking to a new trial in said district court cause No. 22641, supra.

An alternative writ of prohibition issued and was served upon respondents and on the return day, respondents, appearing by counsel, moved to quash such alternative writ, but upon being advised by the court that it would first consider their motion to quash and that respondents could make answer and return to the writ without effecting a waiver of any of their rights under their motion to quash, respondents served and filed their answer and return to the alternative writ.

*Respondents' Answer and Return.* In his duly signed and verified answer and return to relators' written application and the alternative writ issued thereon the respondent Judge Hattersley, *inter alia,* states:

"Respondents admit that on July 29, 1953, a hearing was duly commenced upon said Motion for New Trial, before the Hon. R. M. Hattersley as the presiding Judge in said cause; And at said time (July 29, 1953) oral arguments were duly made and presented, regarding said Motion for New Trial, by counsel for both sides; and at said time the plaintiff and cross-defendant, E. R. Kraut, also submitted a written Memorandum or brief in support of his motion for new trial; that counsel for the defendants and cross-complainants, John Gilreath and Phillips Dairies, Inc., did not at that time (of oral arguments) have any brief or memorandum prepared, and therefore requested the Court for additional time in which to prepare and submit Briefs on the matter; And that pursuant to such request, the Court then and there, in open Court, orally ordered and announced that said defendants and cross-complainants should have 20 days (that is 20 days from and after July 29, 1953) in which to prepare and submit briefs in opposition to the motion for new trial, and that plaintiff and cross defendant, Kraut, should have 10 days thereafter (that is 10 days after expiration of the said 20-day period granted to said defendants and cross-complainants) in which to prepare and submit reply briefs, and that at the expiration of such time (that is 20 days plus 10 days from and after

July 29, 1953), said motion for new trial would be considered as finally submitted to the Court for consideration; that the minute entry (Exhibit 'A') referred to in paragraph X. of Relators' Application herein, and a copy of which is attached to said application, is the minute entry apparently prepared by the Clerk of the Respondent Court subsequent to the aforementioned hearing of oral arguments; that Respondent, Judge R. M. Hattersley, did not prepare, dictate nor approve said minute entry and that he never actually saw the same, nor any copy thereof, until he was served with the Alternative [Writ] of Prohibition issued herein, together with the application and other papers in connection therewith; that said minute entry does not contain, nor purport to contain, any exact, verbatim transcription of the Court's oral statement or Order relative to the time granted for filing of briefs, or as to the time when said motion for new trial should be considered as finally submitted to the Court for its consideration and decision; that there was no reporter present and no record made of the arguments, or statements of the counsel or presiding judge, at said hearing; And that said minute entry (Exhibit 'A' attached to said Application herein), was composed and prepared entirely by said Clerk of Court; and the same merely sets forth, in the language of said Clerk, his conclusion of what was ordered or contemplated by the Court and Counsel relative to the matter of submission of briefs and as to the time when said motion for new trial should be considered as finally submitted to the Court; that at said time (of said hearing on July 29, 1953) it was the understanding 'and intention of Respondent Court and Judge that there was then being granted, for submission of briefs, 20 days plus 10 days (or a total of 30 days) from and after July 29, 1953 (or in effect until August 28, 1953), after which said motion for new trial should be deemed as finally submitted to the Court; and that accordingly, at the time of said hearing it was, and ever since said time it has been, and still is, contemplated by Respondents that the time when said motion for new trial should be considered as finally submitted to the Court

within the meaning of sec. 93-5606, R. C. M. 1947, was after the expiration of 20 days plus 10 days (or 30 days), from and after July 29, 1953; And pursuant thereto said matter was actually submitted to Respondent Court and Judge on August 29, 1953, after which said Respondents had 15 days (or until September 13, 1953), to decide said motion; And that such is the interpretation and construction now, by Respondents, of the meaning of said minute entry (Exhibit 'A') as prepared, as aforesaid, by the Clerk of Court; But that if such is not the clear meaning of said minute entry, or if the same is ambiguous or uncertain to the extent of being subject to the construction thereof as asserted and alleged by Relators in their Application herein, then said Minute Entry is not correct, and the same should be amended or corrected so as to clearly and correctly set forth what was actually ordered, and intended to be ordered, by Respondent Court and Judge,—that is, as hereinabove set forth, that said motion was ordered, and intended to be ordered as finally submitted to the Court on a day certain,—specifically on August 29, 1953, which was the time designated therefor, that being the next day after expiration of the 20 days plus 10 days granted by the Court for submission of briefs. * * *

"But Respondents are informed and believe, and so allege, that some time subsequent to August 15, 1953, said brief of Applicants * * * was sent, by mail, by counsel for applicants, to said Judge R. M. Hattersley at Conrad, Montana; But that Respondents do not have any present knowledge, nor means of ascertaining, as to what date said brief was actually received by said Judge R. M. Hattersley; and Respondents further allege that the copy of Reply brief of E. R. Kraut * * * which was filed in the office of the Clerk of Respondent Court, was not an original brief for submission to the Court, and that the same never was sent to nor received by, Respondent Judge R. M. Hattersley prior to August 28, 1953; But that the original of said brief was, as Respondents are informed and believe and so allege, mailed by counsel for E. R. Kraut to Respondent Judge R. M. Hattersley at Conrad, Montana, on or about August 25,

1953; and that the same was subsequently received by said Judge R. M. Hattersley on or about August 28, 1953; Respondents further allege, in this connection, that when, as in this case, briefs are mailed to said Judge R. M. Hattersley, at his home or office in Conrad, Montana, he usually has no record, or means of knowing, the exact time, or date, when the same may have arrived at his home or office, because he is gone from his home and office a great deal in traveling about to and from various District Courts within his district; and that such was the situation existing during the period from August 15, 1953, to August 29, 1953, and the reason for lack of positive knowledge by said Respondent Judge as to date of arrival of any of said briefs; but that the last of said briefs sent to him, as aforesaid, were actually received by, and came into the hands of, said Respondent Judge on or about August 28th or 29th 1953. * * *

''And Respondents allege, as hereinabove set forth, that said Motion for New trial was not submitted to the Court on August 25, 1953, or at any time prior to August 29, 1953, and that the 15 days period for decision of said Motion as provided by sec. 93-5606, R. C. M. 1947, was not intended to begin, and did not start running, until August 29, 1953.''

The statements in the sworn answer and return of Judge Hattersley are corroborated by the affidavit of Floyd O. Small filed herein and by the first affidavit of L. V. Harris filed herein on October 2, 1953, although they appear to be denied in the subsequent affidavit of Harris filed herein on October 10, 1953. The affiant Small was one of the attorneys present and appearing for the plaintiff Kraut at the hearing of July 29, 1953, on plaintiff's motion for a new trial and the affiant Harris was one of the attorneys present and appearing for the defendants at such hearing.

The position of the respondent court and judge as to the effect upon an order granting time to file briefs upon the submission of a motion for a new trial or the submission of a case, is supported by Crane v. Leclere, 204 Iowa 1037, 216 N. W. 622,

624, where the court said: "A court can determine the merits of a case at any time after its submission; but in the instant case the court could not have determined the same until the expiration of the time granted for filing of briefs. Therefore there had not been a final submission of the case to the court for its determination. The cause was only submitted in so far as the taking of evidence was concerned, but was open for what aid the parties could give the court as to the law applicable to the evidence which had been previously received. The stipulation that the defendant on its application is given ten days to file a brief negatives the claim of appellant that the case was finally submitted on that day."

The Crane case, supra, is cited and followed in Plattsmouth Loan & Building Ass'n v. Sedlak, 128 Neb. 509, 259 N. W. 367, 368; Thompson v. Schalk, 228 Iowa 705, 292 N. W. 851, 852; State ex rel. Strong v. Cook, 124 Ohio St. 478, 179 N. E. 352, 354, 79 A. L. R. 684; Tiffany v. Tiffany, 200 Okl. 670, 199 Pac. (2d) 606.

The case of Siler v. Brown, 215 Ky. 199, 284 S. W. 997, 1001, involved the construction of a statute which provided that the contestant challenging an election had 30 days after issues were drawn to complete his proof and that the contestee had "20 days thereafter" to complete his proof. The court there held that the quoted phrase meant that contestee had until 50 days after issue to complete his proof and that it did not mean that contestee had 20 days after contestant had completed his proof, where the contestant completed his proof in less than the 30 days so allotted to him.

So here Judge Hattersley's order allowed the full period of 30 days for the preparation, serving, filing and submission of briefs.

In Benema v. Union Central Life Ins. Co., 94 Mont. 138, 21 Pac. (2d) 69, 70, this court in construing section 9400, R. C. M. 1921, now R. C. M. 1947, sec. 93-5606, said: "Nor can it be held that the court lost jurisdiction over the motion for new trial because it was continued for hearing beyond the thirty-day

limit provided in section 9400. That section was designed to promote dispatch in ruling upon motions for new trial.''

Second National Bank v. Smith, 118 Wis. 18, 94 N. W. 664, involved a motion for a new trial where the statute provided such motion must be decided at the trial term and if not decided during such term it would be taken as overruled. Upon request of counsel the court extended such time beyond the trial term and the court held that thereby counsel had waived this statutory provision and that the court could still rule on such motion. The above case is cited with approval in Kurath v. Gove Automobile Co., 144 Wis. 480, 129 N. W. 619, 621; State ex rel. Kurath v. Ludwig, 146 Wis. 385, 132 N. W. 130, 131; Ward v. Smith, 166 Wis. 342, 165 N. W. 299, 300; Lingelbach v. Carriveau, 211 Wis. 653, 248 N. W. 117, 118, 922.

The affidavit of attorney Harris filed herein on October 2, 1953, on behalf of the relators,—the affidavit of Floyd O. Small of October 6, 1953, filed herein on behalf of respondents, and the answer and return made, subscribed and sworn to by Judge Hattersley, all show that the attorneys for the respective parties required, requested and received additional time in which to prepare, file and submit briefs herein and that by his order made and announced in open court at the hearing on July 29, 1953, Judge Hattersley granted the attorneys the maximum amount of time prescribed by statute for the final submission of the motion. R. C. M. 1947, sec. 93-5606.

The fact that defendants' attorneys may have served and submitted their answer brief in less than the 20 days allotted them or that plaintiff's attorney may have served and submitted his reply brief in less than the 10 days allotted him did not shorten the full 30-day period allowed from and after July 29, 1953, for the final submission of the motion, briefs and arguments therein. The provisions of R. C. M. 1947, sec. 93-5606, are for the particular benefit of the parties litigant and none other and they may, as they did in the instant case, waive the provisions as well as the resulting benefits of sec. 93-5606, supra.

Thus did the respondent district judge act within jurisdiction

and within the time allowed and provided by R. C. M. 1947, sec. 93-5606, for which reasons respondents' motion to quash the alternative writ and relator's application therefor should be allowed and granted,—a peremptory writ should be denied and the instant proceeding in this court should be dismissed under the facts shown by the record herein and the statutes and other authorities above cited.

THE HONORABLE W. W. LESSLEY, District Judge:

I concur in the foregoing dissenting opinion of MR. CHIEF JUSTICE ADAIR.

W. W. LESSLEY, District Judge sitting in place of MR. JUSTICE FORREST H. ANDERSON, disqualified.

MR. JUSTICE ANGSTMAN: (concurring in the views of MR. JUSTICE FREEBOURN).

I agree with the views of MR. JUSTICE FREEBOURN but wish to add the following. The contention of respondents which forms the basis of the dissenting opinions overlooks or fails to give effect to the first part of R. C. M. 1947, sec. 93-5606, which provides that ''the hearing on the motion for new trial shall be had within ten days after the notice of motion is filed when the motion is made only on the minutes of the court and within ten days after the filing of affidavits and counter-affidavits when the motion is made on affidavits.''

Here no affidavits or counter-affidavits were filed; hence the case stands as if the motion were made on the minutes of the court alone. It follows that the motion under the statute must have been set for hearing originally within ten days after the *notice of motion* was filed regardless of when or how the motion was actually made. The notice of motion was filed on June 13, 1953. Under the statute then it must have been noticed for hearing not later than June 23, 1953. However, since the right to disqualify judges was exercised, the motion could not be set until a judge finally assumed jurisdiction of the case.

Judge Hattersley assumed jurisdiction of the case on July 23rd. Under the statute he could not continue the hearing for more than 30 days after assuming jurisdiction. That is what was held in Benema v. Union Central Life Ins. Co., 94 Mont. 138, 21 Pac. (2d) 69, 70, where we said: "As soon as Judge Elwell assumed jurisdiction of the cause, then he became subject to the limitations provided by section 9400 [Rev. Codes 1921, now R. C. M. 1947, sec. 93-5606], and he could not have continued hearing on the motion for more than thirty days * * *."

Judge Hattersley did not continue the hearing for 30 days after assuming jurisdiction. To do so he would have set the hearing for August 23, 1953. Instead of that he heard the motion on July 29th. He then assumed, according to the answer and return and according to the dissenting opinions, to continue the hearing another 30 days which in my opinion he could not do. He had already consumed six of the 30 days after assuming jurisdiction on July 23rd until hearing the matter on July 29th. The 30-day limitation provided for in R. C. M. 1947, sec. 93-5606, expired on August 23rd.

The dissenting opinions overlook the vital fact that the 30-day period mentioned in section 93-5606 commenced to run when Judge Hattersley assumed jurisdiction which was on July 23rd, and did not commence to run on July 29th. The ruling made by Judge Hattersley on September 11th came too late. The motion for new trial had already been denied by operation of law.

Under the statute both the hearing on motion for new trial and the decision thereon must be made with dispatch. It is not competent to delay the hearing on a motion for new trial by extending the time for briefs beyond the statutory time for hearing the motion, nor may the decision thereon be postponed beyond the statutory time by fixing a time when the motion will be deemed submitted to the court irrespective of when the briefs have been presented.