C. C. CRANE, Appellee, v. ED LECLERE et al., Appellees; HARCOURT LAND COMPANY, Appellant.

DISMISSAL AND NONSUIT: Voluntary—Final Submission Withheld by Order for Briefs. When, at the close of the evidence in an action tried to the court, time is given each party, at the request of the defendant, in which to file briefs, no *final submission* to the court takes place until the briefs are filed, or until the time for such filing has expired. It follows that in such circumstances a plaintiff may dismiss his action at any time before the time for filing briefs has expired.

Headnote 1: 18 C. J. p. 1156 (Anno.)

Headnote 1: 9 R. C. L. 196.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

DECEMBER 13, 1927.

The nature of the action and the proposition upon which appellant relies are stated in the opinion.—*Affirmed.*

*Johnson, Donnelly & Lynch,* for appellant.

*Otto L. Schluter* and *C. J. Haas,* for appellee.

WAGNER, J.—On the first day of September, 1925, the defendants Ed Leclere and Maye L. Leclere executed unto the plaintiff their promissory note in the sum of $20,000, secured by mortgage upon certain real estate situated in Linn County, Iowa, and the plaintiff in this action asks judgment on the same against them. They also ask personal judgment against the defendant Harcourt Land Company, based upon an assumption clause contained in a warranty deed alleged to have been executed and delivered by the owner of the real estate to said

land company. The assumption clause in said deed is as follows:

"Except a first mortgage of $20,000, which grantee assumes and agrees to pay when due, together with all interest from and after March 1, 1926."

The plaintiff also asks a foreclosure of the mortgage against all defendants.

The defendant Harcourt Land Company in its answer alleges various defenses, which may be summarized as follows: A denial of acceptance of the deed containing the assumption clause; a denial of any agreement to assume payment of the mortgage; a plea that any payments to be made upon the mortgage were conditional upon the making of payments by the grantor in the deed, according to contract; a plea of want of consideration for the assumption agreement; a plea of non-performance of the contract by the grantor in the deed. Trial upon said issues was had to the court, and at the close of plaintiff's evidence, the defendant Harcourt Land Company made motion, based upon various grounds, to dismiss the cause of action, so far as any claim is made to any personal judgment against the Harcourt Land Company, and so far as the issue of personal liability on the part of said company is concerned. The defendant introduced no testimony.

The following order and judgment was made of record:

"Now, to wit, January 26th, 1927, this cause comes on for trial to the court, Hon. John T. Moffit, presiding judge, O. L. Schluter appearing as attorney of record for the plaintiff, and Crissman & Linville and Johnson, Donnelly & Lynch appearing as attorneys of record for defendants; and the court, having examined the pleadings, finds that the issues have been made up and joined in this cause of action, whereupon the opening statement of counsel is made. The plaintiff introduced evidence, and rests. The defendant introduces evidence, and rests. The defendant, upon application therefor, is given ten days to file a brief. Plaintiff is given ten days following to file brief. At 10:30 A. M., cause submitted.

"And afterwards, and on the same day, the plaintiff dismisses his cause of action, without prejudice. The court makes this entry by request of Mr. Haas at 2 P. M., in the absence of Mr. Lynch as [or] his client.

"And now, to wit, January 26th, 1927, at 4:15 P. M., Mr. Lynch appears and objects to plaintiff's dismissal without prejudice.

"And now, to wit, January 26, 1927, it still being the same day, the motion of plaintiff to dismiss without prejudice having been presented to the court, and the court being fully advised and satisfied in the premises, sustains same. Defendant Harcourt Land Company excepts. Judgment is therefore hereby rendered against the plaintiff for costs, assessed by the clerk, and found to be in the sum of $30.90."

Thereafter, the plaintiff filed a motion to correct and amend the record. It was resisted by the Harcourt Land Company, and upon the hearing of said motion and the resistance thereto, the following order with reference thereto was granted:

"Now, to wit, April 27, 1927, the motion to correct and amend the record filed by plaintiff and the resistance thereto filed by the defendant Harcourt Land Company comes on for hearing, Hon. John T. Moffit, presiding judge, and Otto L. Schluter and C. J. Haas appearing for plaintiff, and Johnson, Donnelly & Lynch appearing for the defendant Harcourt Land Company; and the court, having examined the pleadings, court records, and the court calendar, and having heard arguments of counsel, finds that the record of proceedings as it appears in the District Court Record of Linn County, Iowa, Vol. 63, pages 534 and 535, in order to correctly show how and when said record was made, should be corrected by adding thereto the following: 'The words "at 10:30 A. M. cause submitted" were not made and entered by the court until after the court had made the entry dismissing plaintiff's cause of action without prejudice, and that, at the time when said entry dismissing plaintiff's cause of action without prejudice was entered, the words "at 10:30 A. M. cause submitted" did not appear on the record. The entry dismissing plaintiff's cause of action without prejudice was made at 2:00 P. M., and the entry "at 10:30 A. M. cause submitted" was made at 4:15 P. M. of the same day.'

"And the clerk is hereby ordered to correct the record accordingly.

"To all of which defendant Harcourt Land Company excepts."

The defendant Harcourt Land Company has appealed from the ruling and order of the trial court permitting the plaintiff to dismiss his cause without prejudice, and from the judgment of dismissal of the cause without prejudice, all of which it claims occurred after the final submission of the case to the court.

It is claimed by the appellee that there had not been a final submission of the cause to the court at the time of his dismissal of the cause of action. It is further contended by the appellee that the dismissal was completed the moment the court made an entry of dismissal, and that whatever entries were made thereafter by the trial court, including the appellant's exception, were done after the court had lost jurisdiction, and that the appellant's objection and exception have no legal operation; that no exceptions were properly saved; and that the only way that the defendant could attack the voluntary dismissal of the plaintiff entered of record is by a motion, under the provisions of Section 12787 *et seq.* of the Code of 1924.

We find it unnecessary to consider all the propositions raised by the appellee; for, if the cause was not finally submitted to the court at the time of the dismissal of the action by the appellee, then the appellant has no ground for complaint as to the dismissal. The appellant contends that there had been a final submission of the case to the court prior to the dismissal of the cause of action by the plaintiff, and relies upon Section 11562, Code of 1924, and the following cases: *Mansfield v. Wilkerson,* 26 Iowa 482; *Dunn v. Wolf,* 81 Iowa 688; *McArthur v. Schultz,* 78 Iowa 364; *Carney Brothers v. Reed,* 117 Iowa 508. It is provided by the aforesaid section of the Code that an action may be dismissed by the plaintiff before the final submission of the case to the jury, or by the court, when the trial is by the court, and that such dismissal shall be without prejudice to a future action. The aforesaid authorities cited by the appellant hold that, after there has been a final submission of the case to the court or to the jury, it is then too late for the plaintiff to dismiss his cause of action. Therefore, the question to be determined is, Had there been a final submission of the case to the court before the dismissal of plaintiff's cause of action?

It will be observed from the foregoing record that the

words "at 10:30 A. M. cause submitted" were, at 4:15 P. M., written in the space where they appear of record, and that the plaintiff, at 2 P. M., dismissed his cause of action without prejudice. It further appears from the foregoing record that the defendant, upon its own application, was given ten days to file a brief, and that appellee was given ten days following to file a brief. The statute prohibiting the dismissal of an action after final submission of the case is in derogation of the common law, and it will not be extended so as to prohibit the dismissal of a case not falling within its express terms. 18 Corpus Juris 1155.

"Within the rule that the plaintiff cannot dismiss or take a nonsuit after final submission, it has been said that 'a submission is final only when nothing remains to be done to render it complete.'" 18 Corpus Juris 1156.

See, also, *Morrisey v. Chicago & N. W. R. Co.*, 80 Iowa 314. In the *Morrisey* case it is said:

"A submission is final only when nothing remains to be done to render it complete. Submission to a jury is not final until the last words of the charge are read, and the jury directed to consider their verdict."

In *Houston's Admr. v. Thompson's Admr.*, 87 Mo. App. 63, the court, in discussing this proposition, said:

"The power to allow a dismissal ends, under our Code, and most others, when the case is finally submitted for *determination;* but this is held to have happened so as to defeat the right only when nothing remains to be done to render it complete."

It is obvious that the appellant desired time in which to file a written brief, and that the case had not been submitted to the court for its determination; for the record states, "The defendant, upon application therefor, is given ten days to file a brief," and the appellee was given the ten days following to file a brief.

It is manifest that there was something yet to be done before the submission was complete, and that was the filing of the respective briefs by the contending parties, within the time allowed by the court; and the case could not be considered as finally submitted until the briefs had been filed, or the time for the filing of the same had expired. If, instead of the court's

allowing time for the filing of briefs, he had done the equivalent thereto, and fixed the time when the attorneys should appear and argue the case orally upon the questions of law involved in the case, it could not be successfully contended that there had been a final submission of the case to the court. The case was not submitted without argument, for the parties asked and were granted time in which to file briefs.

If the court had granted time for the attorneys to appear and argue the case orally, certainly there would have been no final submission of the case, and the plaintiff could voluntarily dismiss the same before the arrival of the time fixed. The effect of granting time to file briefs was that the case was not finally submitted for determination by the court until the court could have the briefs for the consideration of the matters before him, or until the expiration of the time granted for the filing of same. A court can determine the merits of a case at any time after its submission; but in the instant case, the court could not have determined the same until the expiration of the time granted for filing of briefs. Therefore, there had not been a final submission of the case to the court for its determination. The cause was only submitted in so far as the taking of evidence was concerned, but was open for what aid the parties could give the court as to the law applicable to the evidence which had been previously received. The stipulation that the defendant, on its application, is given ten days to file a brief negatives the claim of appellant that the case was finally submitted on that day. There can be but one final submission of the case. If appellant's contention be true, it would have no right to file a brief for the consideration of the court, although the stipulation gives it ten days' time in which to do so. If the appellant's contention be true, the court could have determined the case on the merits that day, although the court had granted ten days' time in which to file a brief.

Without further discussion, we hold that there had not been a final submission of the case to the court, and that, under our statutory law, the appellee was within his rights in dismissing the case without prejudice at the time when it was done.

Our conclusion upon the foregoing proposition makes it unnecessary to consider and discuss the other propositions

urged by appellee in his brief and argument. We find no error on the part of the trial court, and its rulings and judgment of which appellant complains are affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and KINDIG, JJ., concur.