Jones, J.
 

 The question here is whether there was a final submission to the court of common pleas of the cause pending before it. If there was not, the plaintiff could voluntarily dismiss his action without prejudice to a new action, under the following section of the General Code:
 

 Section 11586. “An action may be dismissed without prejudice to a future action: 1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court.” The succeeding subdivisions of that section provide for dismissal by the court, or by the plaintiff, in vacation. This dismissal was not sought during vacation. It is conceded that neither oral argument was heard
 
 *481
 
 nor briefs filed in tbe case; nor was there any indication made by tbe conrt as to what bis decision might be.
 

 Had not counsel for tbe relator, tbe plaintiff below, filed bis brief within tbe time fixed by tbe court, it might well have been argued that tbe court might have considered tbe cause as having been submitted on July 16, 1931, when tbe time limit for tbe filing of plaintiff’s brief bad expired. But that date may be ignored since tbe trial judge, Skeel, on July 20, 1931, extended tbe time for filing plaintiff’s brief until July 24, 1931. This action conclusively shows that Judge Skeel did not consider tbe case as having been finally submitted to him until such brief was filed. However, before the time for filing that brief bad expired, viz., on July 23, 1931, plaintiff’s counsel tendered an entry voluntarily dismissing bis cause without prejudice, which entry tbe court refused to approve, and tbe clerk refused to file. Was tbe case in tbe common pleas court at that time finally submitted? Under our system of jurisprudence, questions of law to be determined by tbe trial court may be as important, or more so, than questions of fact, and counsel have a right to present their argument on both fact and law either orally or by brief before tbe trial court arrives at its decision. It is after that has been done that tbe ease can be considered as having been finally submitted to tbe court.
 

 In tbe case of
 
 Laub Baking Co.
 
 v.
 
 Middleton,
 
 118 Ohio St., 106, at page 112, 160 N. E., 629, 631, this same statute being under consideration, tbe opinion states: “In various states, having similar provisions to our own, authorizing a dismissal of bis case by tbe plaintiff, there has been a great diver
 
 *482
 
 sity of authority, supporting or denying the right of dismissal. Many such cases are cited in the opinion of Price, C. J., in
 
 Turner
 
 v.
 
 Pope Motorcar Co. and Baker Motor Vehicle Co.,
 
 79 Ohio St., 153, 86 N. E., 651.” In the
 
 Turner case
 
 and the
 
 Laub Baking Co. case, supra,
 
 this court announced the principle that after a question determinative of the case has been argued, and the court has announced its conclusion thereon, the time for voluntary dismissal of an action by the plaintiff has passed.
 

 The record in the case at bar discloses that on July 20, 1931, the trial judge extended the time for filing plaintiff’s brief until July 24,1931, but that prior to the expiration of the time for filing that brief plaintiff’s counsel filed his entry of dismissal, and paid the costs.
 

 . We are therefore of the .opinion that under such circumstances the case had not been finally submitted to the trial court for its determination of both fact and law. While under the later subdivisions of Section 11586, General Code, above cited, the court has authority to dismiss the action without prejudice, the plaintiff under subdivision (1) had the right, under its express-terms, to dismiss the action before its final - submission. We recognize the fact that this method of procedure may be employed to harass a defendant, and may prolong expensive and annoying litigation. On the other hand, in some cases, it may be employed for the benefit of a plaintiff who finds himself presently unable to go forward with the litigation, and who seeks to preserve his just rights. This phase is discussed in the case of
 
 Houston’s Admr.
 
 v.
 
 Thompson’s Admr.,
 
 87 Mo. App., 63, at page 70. In practice the usual method
 
 *483
 
 of procedure is for plaintiff’s counsel to present his motion to the court for a continuance, showing cause therefor. The statute is clear and unambiguous, and we are unable to construe it otherwise than to authorize the plaintiff to dismiss his action voluntarily before its final submission, and that its final submission contemplates its submission upon law and fact after argument. If a different procedural remedy should be supplied, it should be supplied by the Legislature rather than by the court.
 

 There are many authorities variously construing the method of procedure under substantially similar statutes, but under dissimilar facts. Here we confine ourselves to the facts peculiar to this case, which are set forth in the pleadings. Of the cases touching this question, that of
 
 Crane
 
 v.
 
 Leclere,
 
 204 Iowa, 1037, 216 N. W., 622, is more exactly in point than any other. Section 11562 of the Iowa Code of 1924 is a statute similar to our own, and may be found in the reported case of
 
 Eclipse Lumber Co.
 
 v.
 
 City of Waukon,
 
 204 Iowa, 278, at page 283, 213 N. W., 804. In the
 
 Crane case, supra,
 
 the parties had introduced their evidence and rested, and counsel for both sides had been given ten days to file briefs; but on the day such action was taken, and without brief being filed, plaintiff moved to dismiss his action without prejudice, and this was sustained by the trial court. The Supreme Court of Iowa held that there was no final submission until the briefs were filed or until the time for filing had expired, and in the course of the opinion it was stated, at' page 1042 of 204 Iowa, 216 N. W., 622, 624: “If the court had granted time for the attorneys to appear and argue the case orally, certainly there would have been no final submission
 
 *484
 
 of the case, and the plaintiff could voluntarily dismiss the same before the arrival of the time fixed. The effect of granting time to file briefs was that the case was not finally submitted for determination by the court until the court could have the briefs for the consideration of the matters before him, or until the expiration of the time granted for the filing of same. * * * The cause was only submitted in so far as the taking of evidence was concerned, but was open for what aid the parties could give the court as to the law applicable to the evidence which had been previously received. The stipulation that the defendant on its application is given ten days to file a, brief negatives the claim of appellant that the case was finally submitted on that day. There can be but one final submission of the case.”
 

 We therefore hold that within the purview of Section 11586, General Code, a final submission to the court contemplates its submission upon both law and fact, and that where the evidence has been concluded and time given to counsel for future oral argument, or future filing of briefs, the cause is not finally submitted until such arguments are made or briefs are filed, or until such time limit for argument or the filing of briefs has expired. Prior to that time a plaintiff may dismiss his action without prejudice under the sanction of the Code provision herein referred to. It follows that, under the conceded facts, the relator is entitled to the writ prayed for.
 

 Writ allowed.
 

 Marshall, 0. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.