W. A. THOMPSON, Appellee v. MABLE SCHALK et al., Appellants.

No. 45225.

JUNE 18, 1940.

Cunningham & Emery, for appellants.

Hirschburg & Reynolds, for appellee.

RICHARDS, J.—The plaintiff sought in this action the partitioning of certain real estate. The defendants filed answer denying portions of the petition. On May ·25, 1939, the cause came on for trial to the court. The parties offered their evidence and rested. Oral arguments were made. A written

brief also was submitted by counsel for plaintiff. On the calendar the court then made the entry "cause submitted." A few minutes thereafter defendants' counsel requested permission to file a written brief. The request was granted by the judge, then in chambers, the latter suggesting that the brief be filed "by the first of the week." Accordingly a written brief was filed by counsel for defendants on June 1, 1939. Following that filing plaintiff's counsel, on June 2, 1939, asked and was granted a week to file a reply brief. A calendar entry granting plaintiff's counsel a week's time so to do was made on June 3, 1939. On June 7, 1939, plaintiff filed in writing a dismissal of the action without prejudice. Defendants questioned the right of plaintiff to dismiss. The parties thereupon treated the written dismissal as a motion to dismiss without prejudice, and it was so submitted to the court for decision. On June 17, 1939, the court entered an order and judgment overruling defendants' resistance and dismissing plaintiff's suit in equity without prejudice. Therefrom defendants have appealed.

The order and judgment recites that defendants furnished the court a written statement of their contentions, and that the question presented was "whether there was a final submission of the case to the Court at the time plaintiff filed his written dismissal." Without any setting out in the abstract of the written statement, and in absence of any showing in the abstract as to what its contents may have been, there is a possible uncertainty whether in the trial court there were presented the same contentions that are made here. However, appellee appears to agree in argument that the same questions have been raised in both courts.

The proposition relied on by appellants for reversal is briefly this—the court erred in sustaining plaintiff's motion to dismiss without prejudice in that the cause had been finally submitted when the motion (in fact the written dismissal that was treated as a motion) was filed. Appellants' proposition turns on whether the cause had been finally submitted because of section 11562, Code 1935, which reads in part:

"11562. Dismissal of action. An action may be dismissed, and such dismissal shall be without prejudice to a future action: 1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court."

The record discloses that by reason of time having been granted within which to file a written brief, the trial court considered that "certainly the submission of the case was thereupon held up, at least until such time as counsel's brief was furnished." Appellants' counsel filed this brief on June 1, 1939. On June 2d, appellee's counsel requested time to file a reply brief, and the court being of the opinion that appellee, having the burden, was entitled to close the argument, granted counsel for appellee a week in which to file same, and made a calendar entry accordingly on July 3, 1939. The record shows that until such time granted counsel for appellee had expired, the trial court considered that something remained to be done before, in the regular and usual procedure, it would be in order for the court to decide the case. In Morrisey v. Chicago & N. W. R. Co., 80 Iowa 314, 315, 45 N. W. 545, we stated that: "A submission is final only when nothing remains to be done to render it complete." In Crane v. Leclere, 204 Iowa 1037, 1041, 216 N. W. 622, 624, counsel for each party was given a stated time following the trial of the case within which to file a brief. From the opinion:

"It is manifest that there was something yet to be done before the submission was complete, and that was the filing of the respective briefs * * *; and the case could not be considered as finally submitted until the briefs had been filed, or the time for the filing of same had expired."

In this cited case the entry "cause submitted." had not in fact been made prior to the granting of time for filing briefs. In the instant case such an entry preceded the granting of time. But we are of the opinion that the granting of time for filing briefs in the instant case amounted to a reopen-

ing of the case, for something more to be done. As has been shown that was the construction the trial court accorded the situation. He deemed the case reopened despite the entry "cause submitted." That that was a warranted assumption is sustained in principle by the following authorities: Jones v. Currier, 65 Iowa 533, 22 N. W. 663; Mollring v. Mollring, 184 Iowa 464, 167 N. W. 524. Had the court set aside the entry "cause submitted," observing all procedural formalities in so doing, before extending time for filing briefs, the question before us could not well have been raised as no one would question the court's authority to exercise a discretion to reopen a case under proper circumstances during the same term for further proceedings. In our opinion the court was warranted in taking the position that he had done informally what could have been done formally. Appellants appear to have viewed the situation as did the court, up to the time the dismissal was filed. They advantaged themselves, accepting the same benefits that would have ensued had the court proceeded in a formal manner. We are unable to agree with appellants that the case had been finally submitted prior to the filing of the dismissal. The trial court's entry of order and judgment is affirmed.—Affirmed.

HAMILTON, C. J., and MILLER, OLIVER, HALE, SAGER, BLISS, STIGER, and MITCHELL, JJ., concur.