GLASSMEYER, ADMR., APPELLEE, v. GLASSMEYER, APPELLANT.

(No. 8457—Decided October 27, 1958.)

*Mr. Gordon Rich* and *Mr. John A. Kiely,* for appellee.
*Messrs. Ginocchio & Ginocchio,* for appellant.

*Per Curiam.* At the trial of this cause, plaintiff-appellee's counsel made an opening statement, at the conclusion of which defendant-appellant's counsel made a motion for judgment on the pleadings and opening statement. By leave of the court, plaintiff's counsel was permitted to supplement his opening statement. Thereupon, he read the written agreement sued upon, and, in addition, said: "As I said before, this action is brought by the administrator who contends that there have been no payments made since September 1, 1953. There is no denial in the answer or no affirmative pleading that payments have been made. The answer as I said to your Honor, admits the execution of the instrument and sets up as a defense the failure of the mother to carry out the agreement."

At the conclusion of the supplemental opening statement, defendant's counsel addressed the court, saying: "If it please the court, I would like to renew my motion for judgment on the pleadings and the opening statement, and in conjunction therewith I would say if a reply were filed in this case in the nature of a general denial that it would be a sham pleading and I think the defense will so show."

The Court: "The motion will be overruled."

The defendant's counsel thereupon made an opening statement, at the conclusion of which, the plaintiff offered in evidence the written instrument sued upon, to the introduction of which there was no objection. The plaintiff then rested. At this point, this colloquy took place between defendant's counsel and the court:

"The Court: I will hear from you. (Arguments.) I think we better leave this to a mutual consideration later on. We are in the trial. I am going to overrule the motion.

"Mr. Ginocchio. Your Honor, I could find authorities if you would give me a few minutes. It puts me in the unfortunate position of waiving my motion if I proceed.

"The Court. Not at all. The court will reserve a ruling on it."

The defendant then called the attorney who had prepared the agreement, and had advised the parties at the time. He testified, among other things, that the deed, which had been prepared and executed in accordance with the terms of the agreement, had never been delivered, but to the contrary, delivery had been withheld in conformity with the instruction of the plaintiff's decedent. However, it appeared from the evidence that years later the title to the property in question had been transferred to defendant's wife at his request. Whether this transfer was in fact a transfer in accordance with another bona fide agreement does not clearly appear. Certain documents were identified and introduced in evidence. They have no significance in view of the question raised by this appeal.

We quote from the record to show what took place when this witness left the stand:

"Mr. Ginocchio: I have asked the court to rule on my motion for judgment in favor of the defendant which I made at the conclusion of the plaintiff's case. The court has indicated that he is ready to rule at this time.

"The Court: That motion will be overruled.

"Mr. Kiely: At this time, if the court please, I would like to have leave to dismiss this action without prejudice to a future action.

"The Court: The court will entertain the motion and grant the right of entry of dismissal without prejudice.

"Mr. Ginocchio: I would like an exception. Your Honor, could I have an exception on that entry?

"The Court: Yes, would you put it on, please?

"Mr. Ginocchio: Yes."

It will be observed that the record does not show that the defendant had concluded his evidence and rested, or that the plaintiff had stated that he had no rebutting evidence and, therefore, rested, or that the parties waived oral argument, or in any way had, in express terms, finally submitted the case on the law and facts. However, by this appeal, the defendant asserts that what he did at the trial entitled him to have the trial court determine as a matter of law whether the evidence of plaintiff, or the combined evidence of both failed to disclose any proof of a cause of action, and that the court should have decided that no cause of action had been proved, and that final judgment should have been rendered in his favor, and that neither the court nor the plaintiff had any authority to deprive him of that right by a dismissal of the action.

The right of a plaintiff, without leave, to dismiss an action, and thereby leave the merits unresolved by any adjudication is governed in Ohio by statute.

By Section 2323.05, Revised Code, it is enacted that: "An action may be dismissed without prejudice to a future action:

"(A) By the plaintiff, before its final submission to the jury, or to the court, when the trial is to the court." etc.

It will be observed that by this statute, a plaintiff is given the absolute right to dismiss his action at any time before final submission, and that the court is given no control over the action of the plaintiff in that respect. Therefore, if this dismissal took place before the case had been finally submitted to the court, no leave of court was required. If the motion for leave took place after final submission, then the question of leave of court and the exercise of a sound discretion would be presented.

In 17 Ohio Jurisprudence (2d), 610, Section 7, it is said:

"The Code provides that an action may be dismissed with-

out prejudice to a future action, by the plaintiff, before its final submission to the jury, or to the court where the trial is by the court. Accordingly, where this statute is applicable, the plaintiff's right to dismiss the action before its final submission, without prejudice to a future action, is absolute and independent of the discretion of the court.''

In reaching a decision as to whether a case has been finally submitted, it is well to keep in mind the stages of a trial as prescribed by statute. The order of procedure at a trial is set forth in Section 2315.01 *et seq.*, Revised Code. And they apply whether the trial of the issues of fact are with or without a jury. And, unless there is a waiver, the litigant has a right to have this order followed and any substantial and unauthorized departure therefrom would not only violate these statutory rights but also the constitutional right of due process of law, which permits judgment only after trial.

Now among these rights, prescribed by Section 2315.01 *et seq.*, Revised Code, was the right of the defendant to introduce evidence in his behalf and to continue so to do until he had introduced or offered all the evidence that he thought was relevant and competent. This record shows that the defendant availed himself of this right, but nowhere in this record does it appear that he had concluded his evidence. At no time did he inform the court that he had rested his defense.

Similarly, the plaintiff had the right to introduce evidence in rebuttal. At no place or time did the plaintiff waive this right. He did not inform the court that he had rested his case.

Then, too, each of the parties had the right to argue the merits of the case, and neither waived that right.

This was the situation at the time the defendant asked the court to rule on a motion for judgment which he had made after the plaintiff had rested and before he had introduced any evidence. The court overruled *that* motion. By so doing, the court did not indicate that he was passing upon the merits and, in view of the state of the trial, could not so have intended. The language of the court excludes the thought that he intended thereby to finally dispose of the case by the ruling on this motion. Neither party had rested and neither had waived argument.

It was at that point that the plaintiff asked leave to dismiss his action without prejudice.

We are of the opinion that the plaintiff at that point had the right to dismiss without prejudice, without leave of court. We are further of the opinion that if the court had announced his decision on the merits before leave was asked, it was an appeal to the court's discretion, and we cannot say on this record that the court abused its discretion in granting leave.

In many respects the case of *State, ex rel. Strong,* v. *Cook, Clerk,* 124 Ohio St., 478, 179 N. E., 352, 79 A. L. R., 684, bears a strong analogy to the case at bar. We quote the entire syllabus:

"1. A final submission of an action, within the purview of paragraph 1 of Section 11586, General Code, contemplates its submission upon both law and fact.

"2. In an action tried to the court, where the evidence has been concluded and the court grants leave to counsel to file briefs within a stipulated time, the action is not finally submitted under the foregoing section until such briefs are filed or until the time for filing the same has expired. Prior to such time a plaintiff may dismiss his action without prejudice to a future action."

It will be observed that in that case there was no doubt that the evidence had been concluded, and the only obstacle to an immediate decision was the leave given to file briefs, the parties, in effect, having waived oral argument. As the syllabus discloses, the court held that under those circumstances, the plaintiff had the absolute right to dismiss until the time for filing briefs had expired.

In *Tiffany* v. *Tiffany,* 200 Okla., 670, 199 P., 606, after the court had indicated what his decision would be, granted time for filing briefs. The court held that plaintiff had the right to dismiss without prejudice during that time. The court cited and approved *State, ex rel. Strong,* v. *Cook,* 124 Ohio St., 478, 179 N. E., 352, 79 A. L. R., 684. At page 672, the court said:

"Defendants introduced testimony concerning remarks made by the trial court after the conclusion of the evidence in case No. 72,333 and contends the court indicated the way in

which he intended to decide the case, and that plaintiff could not thereafter dismiss without prejudice.

"Although it may be said from that evidence that the trial judge indicated the trend of his thinking, the fact that he granted time for the preparation of further argument by way of written briefs is an indication that he was not prepared at the time to decide the case."

In *Thompson* v. *Schalk,* 228 Ia., 705, 292 N. W. 851, the court had made an entry on the calendar "cause submitted" and then granted time in which to file briefs, and during that time the plaintiff dismissed, without prejudice. The court held there had been no final submission and that plaintiff was within his rights in dismissing during the time allowed for filing briefs. At page 707, the court, referring to a cited case, said:

"In this cited case the entry 'cause submitted' had not in fact been made prior to the granting of time for filing briefs. In the instant case such an entry preceded the granting of time. But we are of the opinion that the granting of time for filing briefs in the instant case amounted to a reopening of the case, for something more to be done. As has been shown that was the construction the trial court accorded the situation."

With equal force, we can say that the trial court in the case at bar indicated that the trial had not been completed and that something remained to be done before final submission.

In a trial to the court, without a jury, at the conclusion of the evidence, the court, in *Piatt* v. *Heim & Overly-Realty Co.,* 342 Mo., 772, 117 S. W. (2d), 327, overruled defendant's demurrer to the evidence, whereupon, both parties requested certain written declarations of law, and asked the court to rule on them. Thereupon, the court took the cause under advisement, and made an entry on the journal to that effect.

In holding that there had been no final submission, the court, at page 776, said:

"That question must be determined from an examination of the record. In doing so we must keep in mind two things, (1) that the parties and not the court do the submitting, and (2) that when a court takes a case under advisement, it must be taken as submitted by the parties, and not otherwise."

And, also, on the same page:

"The record does not show that either plaintiff or defendant took any further action or made any further requests relative to the submission of the case. The court then took the cause under advisement. Necessarily, as heretofore stated, the court took the cause as it was submitted by the parties, and the act of the court in taking the cause under advisement could not and did not change the character of submission made by the parties."

In the case at bar, the parties never finally submitted the case, and the court never considered the case finally submitted. After some evidence was introduced by defendant there was a lull in the progress of the trial, during which, the plaintiff dismissed the cause, without prejudice. This was before final submission, and within plaintiff's right.

There are numberless cases on this subject, but all of them turn upon the exact state of the case at the time the dismissal takes place. The cases referred to are illustrative of these cases.

The record before us clearly shows that the parties had not submitted the case to the court for decision on both law and fact at any time.

We find no prejudicial error in the record.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.

LONG, J., dissenting. Plaintiff, appellee herein, filed suit in the Common Pleas Court of Hamilton County as administrator of the estate of May Glassmeyer, claiming a violation of an agreement between plaintiff's decedent and the defendant, her son. Two causes of action were alleged; one was abandoned; the judgment in the other being the cause of the appeal to this court. In the lower court, the contract was introduced in evidence by the plaintiff, who then rested his case. Not a scintilla of evidence was offered to the effect that plaintiff's decedent had performed the contract. At this juncture in the proceedings, the defendant made a motion for judgment in his

favor. After argument on the motion, the court said that he would reserve his ruling on the motion. Defendant reserved his rights and was assured by the court that offering testimony by him, would not prejudice his rights to have the motion passed on as if decided at the conclusion of plaintiff's case. It must be kept in mind that plaintiff had rested his case; further, that if defendant was entitled to a judgment at this time, nothing which happened thereafter should, or could affect that right.

Thereupon, defendant offered testimony to the effect that plaintiff's decedent had never performed the contract on her part to be performed. The contract is not one for the absolute payment of money, as claimed by the plaintiff. Under the agreement, among other things, the mother was to transfer certain property to her son in consideration of the son's assuming obligations of hers; the mother was to cancel certain obligations which the son owed her, and the son was to pay his mother $200 per month until a total of $100,000 was paid. There was no allegation in the petition nor was any proof offered that the mother had conveyed the property; nor was there any testimony offered that the mother had paid any of her son's obligations. As a matter of fact, the sole testimony in the case, which, by the way, was offered by the defendant, was to the effect that the deed referred to in the contract was prepared, but never delivered to the son. This was the testimony of attorney Leo A. Burke, who was counsel in the case, representing the parties at the time of the execution of the contract.

After the introduction of defendant's evidence, the defendant insisted that the court rule on his *renewed* motion. Plaintiff, realizing that he was in a difficult situation, then made a motion to dismiss, without prejudice. This motion, the trial court granted. The majority of this court held that the trial court could grant such a motion, without prejudice to the defendant's rights, for the reason that "the record before us clearly shows that the parties had not submitted the case to the court for decision on both law and fact at anytime." With this view, I can not concur.

At the conclusion of plaintiff's case, the defendant, by his motion submitted to the court, upon the facts proved at that time, and upon the law applicable to those facts, that plaintiff

had not made out a case; at the conclusion of all the evidence, upon the renewal of the old motion, not a new motion, the defendant again submitted to the court that upon the additional testimony offered by him, he was at that time again entitled to a judgment.

It is true that the court had not *ruled* on the old motion or the renewal thereof, but the case had been *submitted* when the motion was made at the end of plaintiff's case and it was again submitted by the renewal of the motion at the conclusion of all the evidence. After submission, I agree with the majority that the plaintiff can not dismiss. My point is, that the case had been *submitted* twice before plaintiff's motion to dismiss had been made.

The mere introduction of the contract in question does not make out a case for plaintiff. The son was not obligating himself to pay $100,000 until he had a conveyance of the property and something done by his mother by way of assuming his obligations.

For the plaintiff to recover in this case, the price of the land, it must be alleged and *proved* that the plaintiff had substantially performed or tendered performance. 11 Ohio Jurisprudence (2d), 464, Section 211. There is no such proof; the evidence is to the contrary. If the trial court had passed upon defendant's motion at the conclusion of plaintiff's evidence, or at the conclusion of all the evidence, he should have granted the motion.

My judgment is, that there was a submission of the case on the law and facts two different times, and the defendant should not be deprived of the judgment to which he was entitled at either time. Final judgment should be rendered in favor of defendant.