Rush, Appellee, *v.* Rush, Appellant.

[Cite as Rush v. Rush, 8 Ohio App. 2d 263.]

(No. 321—Decided September 12, 1966.)

*Messrs. Nichols, Speidel & Nichols,* for appellee.
*Messrs. Beirne, Wirthlin & Manley* and *Mr. Forrest E. Ely,* for appellant.

Hover, J. This is a divorce proceeding in which the defendant, appellant herein, hereinafter referred to as the wife, claims error in the proceedings in the court below in that the trial court refused to dismiss, upon motion, the petition of the plaintiff, husband, appellee herein, for lack of sufficient evidence in support of the prayer thereof and, instead, after a renewal of such motion at the close of the wife's evidence in support of her denial of the allegations of the husband's petition, permitted the husband to dismiss his petition without prejudice to a future action.

A further error is claimed by the wife to the effect that the court orally and in chambers indicated an intention to grant the wife's motion for a judgment and, subsequently, to wit, the next day, announced that this motion would not be granted but that, instead, the motion of the husband to dismiss without prejudice would be granted.

By verbal stipulation, the parties agreed to augment the bill of exceptions to detail the proceedings in chambers and the decision allegedly announced there verbally; and the court

proceeded to hear and consider the appeal on its merits. In view of the conclusion hereinafter, this court specifically makes no ruling on the procedure relative to the motion to augment the bill of exceptions.

The matter was considered upon transcript of the docket and journal entries of the proceedings below, the bill of exceptions consisting of the testimony and court proceedings, the briefs and arguments of counsel.

The alleged error concerning the failure and refusal of the court to spread its orally announced intention to grant the wife's motion to dismiss is not well taken. See *Smith* v. *Smith*, 103 Ohio St. 391; *Cox* v. *Cox*, 108 Ohio St. 473; and especially *State, ex rel. Ruth,* v. *Hoffman*, 82 Ohio App. 266, wherein Judge Matthews of this court explains in detail the significance of *Smith* v. *Smith, supra,* and its final disposition in the trial courts.

The court below, however, did commit error prejudicial to the rights of the wife in permitting the husband to dismiss his case without prejudice after submission of the wife's motion for judgment on the merits of the husband's case to the court.

Section 2323.05, Revised Code, provides in its pertinent portion:

"An action may be dismissed without prejudice to a future action:

"(A) By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;

"* * * ."

Upon the facts presented by this record, when the plaintiff husband rested his case and the wife moved for judgment, the court was required to determine by that submission the merit, if any, of the wife's motion, and its ruling, if in favor of the wife, would have been dispositive of the case. The same condition existed in this record when the wife renewed this motion after presenting her evidence in support of her allegations that the plaintiff husband was not entitled to a divorce. It was this motion which the court first indicated it would grant, and then exercised its allowable discretion to change its mind. But at both points in the proceedings the matter was under final submission to the court as to the entitlement of the defendant wife to a judgment against the plaintiff husband. See *Smith* v. *Smith,*

103 Ohio St. 391, and *Caprita* v. *Caprita*, 145 Ohio St. 5; see, also, *State, ex rel. Ruth*, v. *Hoffman*, 82 Ohio App. 266. There are many other cases to the same effect but each of the above involves divorce proceedings specifically.

Ordinarily, a reviewing court does not and should not substitute its judgment on factual issues in the case for that of the trial judge so as to, in effect, weigh the evidence considered by him. The rule is different, however, when there is a total lack of evidence in support of essential elements of a plaintiff's petition. A reading of this record indicates rather clearly that the plaintiff husband failed completely to present any evidence of his entitlement to a divorce, either on the evidence he adduced or upon the question of necessary corroboration. Even after hearing the defense witnesses on the subject of the alleged gross neglect of duty and extreme cruelty, none of the testimony tended to show any substantial evidence in support of plaintiff husband's grounds for divorce. The court stated, ''I appreciate the fact that there are cases which define gross neglect and I feel, however, there is a minimum amount of corroboration here.''

It is the finding of this court that there is no evidence of gross negligence and extreme cruelty, as those terms are recognized in divorce proceedings. There being no such evidence, even a minimum of corroboration, which in itself is open to serious doubt, will not avail plaintiff husband to corroborate that which did not exist in the first instance.

It is, accordingly, the opinion of this court that the court below did not err when it changed its mind from the orally announced ruling. There was, however, error prejudicial to the rights of the defendant wife in the court's refusal to grant the motion on the merits and in the court's acceptance of plaintiff husband's motion to dismiss without prejudice.

The cause is accordingly remanded for further proceedings in the court below, not inconsistent with this judgment.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.