BAINUM, APPELLEE, *v.* PATTON, APPELLANT.

[Cite as Bainum v. Patton, 17 Ohio Misc. 91.]

(No. A-220405—Decided December 9, 1968.)

Common Pleas Court of Hamilton County.

*Mr. James Halloran* and *Messrs. Cors, Hair & Hartsock*, for appellee.

*Mr. Daniel H. McKinney* and *Messrs. Porter & McKinney*, for appellant.

BETTMAN, J. This is an appeal on questions of law from the Cincinnati Municipal Court. The facts set out in the amended narrative bill of exceptions in brief are as follows. Plaintiff brought suit on a promissory note. At the conclusion of plaintiff's evidence defendant moved for a directed verdict on the ground that the note was conditional on its face and there was no proof that the condition had been satisfied. The court said that in its opinion the note was conditional upon its face and it was inclined to grant defendant's motion but, in the interest of justice, it would permit plaintiff to reopen his case to show the occurrence of the condition. Plaintiff attempted unsuccessfully to introduce further evidence and defendant again moved for judgment. Plaintiff stated that at that time he was unable to introduce evidence tending to show the occurrence of the condition in the note. The court remarked that on the state of the facts it was inclined to grant the motion for a directed verdict but in the interest of justice it would entertain a motion by plaintiff for a dismissal without prejudice. Such motion was made and was granted by the court over defendant's objection. Defendant appeals.

Determination of the matter involves a consideration of Section 2323.05, Revised Code, which, in pertinent part, provides:

"An action may be dismissed without prejudice to a future action:

"(A) By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;
"* * * *

"In all other cases the decision must be on the merits, upon the trial of the action."

It is defendant's contention that he has been deprived of his right to a final judgment in the case by the court's

entry of a dismissal without prejudice made after his motion for judgment at the close of plaintiff's case and after the court had stated that on the evidence presented it was "inclined to grant the motion for a directed verdict." In other words it is defendant's position that his motion for a directed verdict represented a "final submission" of the case to the court and, under the statute, a motion by plaintiff to dismiss without prejudice could not therefore be granted.

There are two leading Ohio Supreme Court cases and two cases in this Appellate District bearing on this problem. In *Turner* v. *Pope et al* (1908), 79 Ohio St. 153, plaintiff brought an action for injuries caused by a racing car. After plaintiff had rested defendant moved for a directed verdict, whereupon the court announced "I find there is no negligence shown * * * and the motion will be sustained." Plaintiff then moved for a dismissal without prejudice. This was refused by the court and a verdict directed. The Supreme Court held:

"Where the plaintiff has introduced his evidence and rested, and each of the defendants has moved the court for a directed verdict on the ground that the plaintiff has failed to make a case for the jury, upon which motions the cause has been submitted to the court and its conclusions thereon announced, the plaintiff has not the right to dismiss the action without prejudice to a future action."

The court's rationale was:

"To recognize in our practice the claim that is made by plaintiff in error, would give a plaintiff the right, when he fails to make a case, and it is so decided, to thwart the contest on his own evidence, dismiss without prejudice, and again bring the defendant into some court to answer a similar demand, with all the attendant costs; and if it can be done once, it may be done a second or third time, thus prolonging the expensive and annoying litigation. This system of practice should not be encouraged and we therefore think it our duty to affirm the judgment of the circuit court."

The second pertinent decision is *Laub Baking Co.* v.

*Middleton* (1928), 118 Ohio St. 106.  Plaintiff there sought damages for malicious prosecution.  At the conclusion of plaintiff's case defendant moved for judgment.  The trial court stated, in essence, that it was perfectly clear from the evidence that defendant had acted on the advice of counsel and this was a complete defense to the action.  Attorney for plaintiff then moved the court to dismiss without prejudice.  Defendant objected on the ground that "the court had intimated what his course would be."  The court then said "I believe that is a complete defense but I will permit you to dismiss without prejudice."  The Supreme Court held:

"Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of Section 11586, General Code.  (Section 2323.05, Revised Code.)  After such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant."

The two decisions of the First Appellate Court of Ohio bearing on this issue are *Rush* v. *Rush* (1966), 8 Ohio App. 2d 263, and *Glassmeyer* v. *Glassmeyer* (1958), 108 Ohio App. 457.  In the *Rush case* plaintiff sued his wife for divorce.  At the conclusion of plaintiff's evidence defendant moved for judgment.  Defendant renewed her motion at the conclusion of all the evidence and the court indicated orally that it intended to grant the motion, but then changed its mind and granted plaintiff's motion to dismiss without prejudice.  The appellate court held this was error since the matter was under "final submission" to the court.

The *Glassmeyer case* resembles very closely the facts before us.  Plaintiff there brought suit on a contract.  The contract was introduced in evidence and plaintiff rested.  At this juncture defendant moved for judgment in his favor and the court said it would reserve ruling on the motion.  Thereupon defendant offered testimony to the

effect that the contract had never been performed by plaintiff. After introducing his evidence, defendant renewed his motion for judgment. Plaintiff then moved to dismiss without prejudice, and the court granted his motion. The appellate court held that the trial court's action in permitting a dismissal without prejudice was not error because the case had not been "finally submitted." Judge Long in a dissenting opinion argued that there had clearly twice been a submission of the case and that the defendant should therefore not be deprived of the judgment to which he was entitled.

We believe these four decisions can be reconciled. The key, however, is not to be found in the simple legal determination of when there has been "final submission" of a case.

Strictly speaking a case has been finally submitted to the court every time a motion is made for judgment on the pleadings, judgment after opening statement or for a directed verdict if, on the state of the record at that point, such motion should be granted as a matter of law. It would appear to this court that the key to understanding these decisions is the recognition of the fact that a trial court has, and must have, in the interest of justice to the parties, the right to exercise its sound discretion in determining whether *it* will consider the case as finally submitted to it. Any other rule would return the trial of law suits to the old days of technicalities where the most skillful lawyer won the "game," whether justice was done for the parties or not. Scarcely a day passes in any Municipal Court and even in Courts of Common Pleas where some attorney, through inexperience, haste or lack of skill, does not omit or come unprepared to present proof of some essential element of his client's case. Even the skilled practitioner on occasion finds after all the evidence has been presented and his opponent has moved for judgment that the court's interpretation of the law requires further evidence which he is not then prepared to produce. Is the court then to be forced to sit helplessly by because the matter has been "finally submitted." Must it grant the

opposing party's motion for a directed verdict when it is perfectly obvious to it that strictly speaking the motion should be granted, but, that, given a chance, the necessary proof could probably be produced. Certainly that would be an unconscionable result.

The conclusion that the trial court has a right to exercise its judicial discretion in determining whether, in its opinion, the case should be considered finally submitted is borne out by the Supreme Court's thinking in both the *Turner case* and the *Laub case*. In *Turner* the court said:

"There was no request to withdraw a juror and continue the case; no leave to amend the pleadings or make new parties defendant; and no request that the case be opened up for further testimony or proceedings. The case had already been submitted to the court on the motions for verdicts, and on them the trial was to the court who had heard and determined them, and the time had gone by for the plaintiff to exercise the right of dismissal. The cause had been submitted to the court and its judgment invoked. If the court had the power to exercise discretion on the subject, we cannot find that the discretion was abused in refusing to enter the dismissal at so late a stage in the proceedings."

That language can only mean that in the court's opinion even though plaintiff had rested and defendant had moved for a directed verdict so that the case was "finally submitted" and the plaintiff no longer had a right to a dismissal without prejudice and even though the court had announced its opinion that no negligence had been shown, there still reposed in the court a right to exercise its sound discretion as to whether it would consider the matter finally submitted or would permit plaintiff to reopen his case or to take other action.

This logic is expressed more forcefully in the *Laub case*. There the court, even though it held the trial court erred in granting plaintiff's motion to dismiss made after the court had indicated its conclusion that the defendant had produced an absolute defense to the action, nevertheless said:

"In the instant case there was no reason assigned for dismissal, no disclosure made by counsel that he was misled or taken by surprise, nor even a suggestion made whereby he might advantage his case were the trial to proceed. Under those circumstances, there would have been an abuse of discretion on the part of the court in giving the plaintiff opportunity to harass the defendants by bringing other and subsequent suits. We would not, in a proper case, deny the right of a party, in the interest of justice, to supplement his testimony before final submission to the jury, but, in such case, the allowance or disallowance of a request therefor is committed to the court's discretion, which cannot be disturbed unless that discretion is abused."

The court's holding in *Laub* then was not a holding that the court lacked power to grant plaintiff's motion to dismiss without prejudice but that on the record it had abused its discretion in granting such motion and in failing to grant defendant's motion for a directed verdict, to which he was clearly entitled on the record.

We think the *Rush case* illustrates the same proposition, namely, that the trial court abused its discretion in not granting defendant's motion for judgment denying the divorce when after reviewing the record it found "no evidence of gross neglect and extreme cruelty as those terms are recognized in divorce proceedings."

As we see it, the court was correct in its decision in the *Glassmeyer case*, but for the wrong reasons. As far as plaintiff was concerned the case certainly was "finally submitted" to the court twice. That is, if the court had granted defendant's motion for judgment either time defendant made such motion, this would have constituted a final determination of both law and fact. The logic of Judge Long's dissent is inescapable and the strained argument of the majority opinion is all to evident. What the majority should have said was: "The case was finally submitted on defendant's motions for judgment and plaintiff thereafter could not dismiss his petition without prejudice as of right. However, the trial court, in the interest

of justice, has the right to decide in the exercise of its sound discretion whether it will consider the case finally submitted or not. Since the record shows that plaintiff was not able at that time to produce the evidence necessary to properly present his case, the trial court did not abuse its discretion in permitting a dismissal without prejudice.'' The Appellate Court did hint that such thinking underlay its conclusion when it stated ''we are further of the opinion that if the court had announced his decision on the merits before leave was asked, it was an appeal to the court's discretion, and we cannot say on this record that the court abused its discretion in granting leave.''

As we see the problem then, a simple determination of the point in the proceedings when a case has been ''finally submitted'' will not get to the nub of the problem. A distinction must be made between those situations in which a plaintiff is insisting on his right to dismiss without prejudice and cases wherein the defendant is seeking to prevent the court from giving a plaintiff, in the exercise of its sound discretion, an opportunity to dismiss without prejudice.

There are numerous decisions throughout the country as to what amounts to ''final submission'' within statutes permitting plaintiff to dismiss without prejudice before final submission. They are extensively annotated in 79 A. L. R. 688, 89 A. L. R. 13 and 126 A. L. R. 284. Each of the annotators in these American Law Reports notes the same distinction we are here emphasizing between plaintiff's right to dismiss his case without prejudice and the power of the court in its discretion to permit plaintiff to take such action after the trial has reached the point where plaintiff has lost that right. Furthermore, in 89 A. L. R. at page 70 the annotator suggests that both the *Turner* and *Laub cases* are authority for the proposition that:

''Under statutory provisions for the allowance of a nonsuit or dismissal before final submission of the case to the jury, or to the court where the trial is before the court without a jury, it has been held in some jurisdictions that

an application for leave to take a voluntary nonsuit, dismissal, or discontinuance *made after such submission*, is addressed to the discretion of the court, and that the court has power to grant or deny it as it may think proper."

Ohio Jurisprudence makes this same distinction between dismissal by the plaintiff as a matter of right and at the discretion of the court, stating in 17 Ohio Jurisprudence 2d, Dismissal and Discontinuance, Section 7, page 612:

"After final submission, the plaintiff does not have an absolute right to dismiss the action without prejudice to a future action, but his motion for such a dismissal is addressed to the discretion of the court, and generally speaking, the court has the right to grant or deny it as the court may think proper."

*Worthington* v. *McGough* (1912), 192 Fed. 512, deals with this problem. There at the close of plaintiff's evidence, defendant moved for a directed verdict. The judge announced his intention to sustain the motion and plaintiff then moved to dismiss in order that he might have the opportunity to bring another action upon the same facts in the state court. Plaintiff's motion to dismiss without prejudice was granted. The Sixth Circuit Court of Appeals affirmed the trial judge's decision and in its opinion analyzed the Ohio Supreme Court's decision in *Turner* v. *Pope Motor Car, supra,* saying:

"The question here involved is, not whether the plaintiff had the arbitrary right to discontinue without prejudice, but whether the trial court had the power to permit plaintiff so to do—a very different question. In the *Turner case* the trial court had refused the plaintiff this privilege, the plaintiff had alleged error, and no point was decided, excepting that the plaintiff did not have the absolute right to take this course.

"We think the statute (Section 2323.05, Revised Code) was not intended to prevent a trial judge from permitting such a discontinuance, when, in his discretion, he thinks the plaintiff should have another opportunity to present the case. It seems obvious that if, at the close of plaintiff's

case, it lacks some essential element, so that a verdict against him must be directed, and this conclusion has been announced by the judge, it may often be entirely proper that the court should open up the case, and permit further proof to cure the defect, and that in a proper case the court can, and should, by withdrawing a juror, bring about a continuance, and another trial. If the court has the power so to withdraw a juror, for the purpose of giving the plaintiff another trial in the same court, the same power must exist, though the purpose of its exercise is different. We are satisfied that in a case like this the only question existing for review is whether there was an abuse of discretion.''

On analysis, then, despite their language we do not believe any of the four Ohio decisions are really dealing with a determination of when a cause is ''finally submitted'' to the trial court. Clearly all four causes had been finally submitted. The issue in each case was: Did the trial judge abuse his discretion in granting or refusing to grant plaintiffs' motion for a dismissal without prejudice, made after his right to dismiss under Section 2323.05, Revised Code, had expired? In *Laub* and *Rush* the Appellate Court determined the trial judge had, on the record, abused his discretion. In *Turner* and *Glassmeyer* it determined he had not.

Coming now to the facts of this case, it is apparent from the record that plaintiff twice rested his case. The first time he stated that he rested, and the second time he stated that he was unable to produce further evidence he thought necessary, which amounts to the same thing. Both times defendant moved for a directed verdict. Both times the judge indicated that he was inclined to grant such motion. At those points, in our opinion, plaintiff had lost his right to dismiss without prejudice. The judge, however, did not lose the right to exercise his discretion to determine whether he thought the case was ''finally submitted'' or whether he would not consider it ''finally submitted'' and would give plaintiff another opportunity to present the matter. He exercised that discretion and

indicated to plaintiff that he would permit him to amend his pleadings and proceed, or to move to dismiss. It is apparent from the record that the court felt that plaintiff's attorney had misconstrued his action and was unprepared at that time to put on the evidence needed to fully present his client's case. In our judgment the court's granting of plaintiff's motion to dismiss without prejudice was a sound exercise of its discretion. Indeed a refusal to grant such a request under the circumstances would have come much closer to an unreasonable exercise of the court's discretion. Accordingly, we hold that the trial court did not err in dismissing plaintiff's petition without prejudice and defendant's appeal must be dismissed.