McCAIN, Judge.
Petitioner seeks certiorari to review an order denying his notice of voluntary dismissal.
Trial without jury was held. At close of final arguments, the court granted counsel leave to submit briefs substantiating ther respective positions by a designated date.
Before that date petitioner filed his notice of voluntary dismissal pursuant to *436 F.R.C.P. 1.420(a) (1), 30 F.S.A.[1] This was denied by the court.
A plaintiff may dismiss his cause without court order by serving a notice of dismissal before submission of a nonjury case to the court for decision. (Emphasis added.)
This court has recently recognized the absolute right of a plaintiff to voluntarily dismiss his case without order of the court.[2]
No Florida case has interpreted the meaning of “submission of a nonjury case to the court for decision,” however, other jurisdictions have construed similar language under analogous facts.
It has been held in Ohio [3] .that “final submission” of an action to the court contemplates its submission upon law and fact. The court reasoned that where a case is tried without a jury and the court, after conclusion of the evidence, grants leave to counsel to file briefs “the cause is not finally submitted until such * * * briefs are filed, or until such time limit for * * the filing * * * has expired.”
The same reasoning and result has been reached in Iowa [4] and Oklahoma.[5]
We find ourselves in accord with these decisions and conclude the dispute in the case sub judice was not submitted to the court for decision prior to service of the notice of dismissal. The significance of a judge permitting briefs to be filed lies m their service as useful aids to his ultimate decision on the matters before him.
Therefore, certiorari is granted with instructions to quash the order denying petitioner’s notice of dismissal.
WALDEN, C. J., and REED, J., concur.

. F.R.C.P. 1.420. DISMISSAL OF ACTIONS
“(a) Voluntary Dismissal; Effect Thereof.
“(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i), by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision’ * *

. Meyer v. Contemporary Broadcasting Co., Fla.App.1968, 207 So.2d 325.

. State ex rel. Strong v. Cook, Ohio 1931, 124 Ohio St. 478, 179 N.E. 352, 79 A.L.R. 684.

. Crane v. Leclere, 1927, 204 Iowa 1037, 216 N.W. 622.

. Tiffany v. Tiffany, 1948, 200 Okl. 670, 199 P.2d 606.