LILES, Acting Chief Judge.
Appellant, plaintiff in the trial court, filed his complaint for reformation and foreclosure of a mortgage on certain real property situate in Sarasota County. Ap-pellees moved to dismiss and filed a “Certificate of Circuit Judge,” which was a statement of another judge of the same circuit setting forth what occurred at a prior hearing involving the same claim and the same parties. The circuit court dismissed appellant’s case and appellant with leave of court amended his complaint. Appellees filed a motion to dismiss which was granted without leave to amend from which appellant appeals.
Appellant assigns two points relied upon to constitute reversible error. We need only concern ourselves with the first point, that being the issue of a timely voluntary dismissal taken by a plaintiff pursuant to Rule 1.420(a) (1), RCP, 30 F.S.A., and whether or not this voluntary dismissal will bar a later suit based on the same circumstances commenced by the filing of a new and original complaint.
Florida Rules of Civil Procedure, Rule 1.420(a) (1) as amended in 1967, effective September 30, 1968, provides:
“Voluntary Dismissal; Effect Thereof. (1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim. If a lis pendens has been filed in the action, a notice or *875 stipulation of dismissal under this paragraph shall be recorded and cancels the lis pendens without the necessity of an order of court.”
We believe the court erred in not allowing the plaintiff to file a new and original complaint in the cause since our courts have held that a voluntary dismissal is without prejudice and that the plaintiff has an absolute right to one such dismissal. In Meyer v. Contemporary Broadcasting Co., Fla.App. 1968, 207 So.2d 325, 327, the court said:
“Reading the rule it will be noted that in the first three lines it states that an action may be dismissed by plaintiff without order of court. This appears to give the plaintiff absolute control of the continuation of litigation up to either the hearing on a motion for summary judgment, the retirement of the jury, or the submission of a nonjury case to the court for decision, and we so hold that such right is absolute.”
Our Supreme Court in quashing this court’s decision in Hibbard v. State Road Department of Florida, Fla.1969, 225 So.2d 901, 902, said:
“Petitioner contends that a plaintiff has a right to voluntarily dismiss an action pursuant to Rule 1.420(a), Florida Rules of Civil Procedure, 30 F.S.A., after the court has dismissed the complaint with leave to amend, if no further order has been entered by the Court prior to the service of the notice of dismissal.
“We agree. The order of the trial court dismissing the complaint with leave to amend was interlocutory in nature and did not cut off plaintiff’s petitioner’s, right to file a voluntary dismissal.” (Emphasis supplied.)
The Fourth District Court in Dreher v. American Fire and Casualty Company, Fla. App. 1969, 220 So.2d 435, 436, held that:
“A plaintiff may dismiss his cause without court order by serving a notice of dismissal before submission of a nonjury case to the court for decision. (Emphasis added.)
“This court has recently recognized the absolute right of a plaintiff to voluntarily dismiss his case without order of the court.”
Since the court has found it necessary to reverse on the first point, consideration of appellant’s second point will not be necessary.
It therefore appears that this cause must be remanded for further action consistent with this opinion.
Reversed and remanded.
PIERCE and McNULTY, JJ., concur.